# Pifer *v.* Berkey, Appellant.

*Ejectment—Rule to bring ejectment—Practice, C. P.—Pleadings—Act of June 10, 1893, P. L. 415.*

1. A proceeding under the Act of June 10, 1893, P. L. 415. to settle and determine rights and title to land, should conform as nearly as may be to an action of ejectment. Both sides should be required to file abstracts of title and a formal definite issue should be framed setting forth the exact question to be determined by the jury. It is improper practice to proceed to trial merely upon the general averments of the petition and answer treated as the pleadings in the case.

2. If, however, in such a proceeding one of the parties is allowed to go to the jury on the question of title by adverse possession, and also of title by parol purchase followed by possession and valuable improvements, and both claims are insisted upon, a verdict and judgment for the party setting up the claims will not be reversed, although the averments of his answer are ambiguous and leave room for doubt as to whether the possession claimed was open, notorious and adverse as against the other party or possession taken under the alleged parol sale.

Argued Oct. 5, 1910. Appeal, No. 91, Oct. T., 1910, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1908, No. 257, on verdict for plaintiffs in case of Barbara Pifer et al. *v.* Josiah L. Berkey. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Issue under the Act of June 10, 1893, P. L. 415, to determine title to land.

The petition for an issue was as follows:

The petition of Josiah L. Berkey, respectfully represents:

That he is a resident of the township of Lincoln, in said county of Somerset.

That he is the owner in fee simple of a tract of land situate in the township of Lincoln, county of Somerset and state of Pennsylvania, adjoining lands of H. F. Bar-

nett, Hiram Ogline, Harrison Emert, Moses Stern and others, containing ten acres, more or less.

That your petitioner is the owner of said land by virtue of a deed from Henry F. Barnett, administrator of George Ogline, deceased, dated August 8, 1885, and recorded in the office for recording deeds in and for said county.

That your petitioner is in the actual possession and occupancy of said tract of land by his tenant at this time. and that your petitioner's right and title and right of possession are disputed and denied by Barbara Pifer, wife of Frank Pifer, Sarah A. Emert, wife of Harrison Emert, Wm. H. Howard, John Howard, Annie Durst, wife of Henry Durst, Laura Tospon, wife of Frank B. Tospon, Kate Stern wife of Robert Stern, and Nannie Howard.

Wherefore your petitioner prays your honor to grant a rule upon the parties above named so denying your petitioner's right and title and right of possession, to appear before your honorable court at a time to be designated in said rule, to show cause why an issue shall not be framed in said court between the parties to settle and determine their respective rights and title in and to said land, as provided by the second section of the Act of assembly approved June 10, 1893, P. L. 415.

The answer was as follows:

For answer to rule to show cause, etc., awarded by your honorable court October 28, 1907, come the respondents and made answer thereto as follows:

1. The facts set forth in the first paragraph of plaintiffs' petition are admitted.

2. The facts set forth in the second paragraph of plaintiffs' petition are denied.

3. Your respondents admit that the plaintiff received a deed from Henry F. Barnett, administrator of George Ogline, deceased, dated August 8, 1885, and recorded in the office for the recording of deeds in and for the county of Somerset, but aver that the said plaintiff sold the land in said deed described to Abram Howard immediately

after the date of said deed; that said Abram Howard went into possession of said land on or about September 1, 1885, and remained in possession of the same until the date of his death, to wit, May 5, 1907, when the title and the possession thereto descended to the respondents who held the possession and still hold the legal possession thereto.

Your respondents further say, that since September 1, 1885, the possession of said Abram Howard, and your respondents has been continuous and unbroken to the present time, and that their father, Abram Howard, erected a dwelling house, barn and outbuildings on said premises at great expense, and in addition thereto paid the plaintiff the purchase money agreed by him to be paid to the plaintiff, to wit, the sum of $301.

Your respondents deny the plaintiff was in the actual occupation of said tract of land by his tenant at the time of the filing of this petition, and deny the plaintiffs' title in the said premises, and further your plaintiffs deny that under the facts as stated in this answer the plaintiff is entitled to an issue.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiffs. Defendant appealed.

*Error assigned* was in refusing binding instructions.

*W. H. Ruppel,* with him *John H. Uhl* and *C. F. Uhl, Jr.,* for appellant.—The authorities are clear that possession of such a character as is shown in this case does not amount to such adverse possession as to establish title: Rush v. Barr, 1 Watts, 110; Rung v. Shoneberger, 2 Watts, 23; Miller v. Keene, 5 Watts, 348; Cadwalader v. App., 81 Pa. 194; Horton v. Davidson, 135 Pa. 186; Hood v. Hood, 2 Grant, 229; Long v. Mast, 11 Pa. 189; McCracken v. Roberts, 19 Pa. 390; Martin v. Jackson, 27 Pa. 504; Bannon v. Brandon, 34 Pa. 463.

In Pennsylvania, the rule is, that when there are a

given state of facts, which are admitted or distinctly proved, whether the possession is adverse or not, is a question of law: Rung v. Shoneberger, 2 Watts, 23; Miller v. Keene, 5 Watts, 348.

While ordinarily the question of adverse possession is to be decided by the jury, yet when the facts relied upon are insufficient to sustain a verdict the court must pronounce upon the evidence as a matter of law and in this case the court should have affirmed appellant's first point for the reason that the evidence did not justify submission to the jury: Lund v. Brown, 14 W. N. C. 489.

*J. A. Berkey*, with him *C. L. Shaver*, for appellees.— The fact of possession is for the jury; the kind and length of that possession to be effectual is for the court: Schwab v. Bickel, 11 Pa. Superior Ct. 312.

There was abundant proof by appellees which justified the jury in finding that the possession was adverse to the appellant: Mercer v. Watson, 1 Watts, 330; Pierce v. Barney, 209 Pa. 132.

The second ground upon which the appellees claim title is the purchase of the land by their ancestor from the appellant; that their father paid the purchase money prior to his death. While the appellees set up a prescriptive title, they had a perfect right to set up a different claim in case they failed to make out the first.

OPINION BY MR. JUSTICE ELKIN, January 3, 1911:

The record in this case is not a very satisfactory one to review for the purpose of determining the exact legal rights of the parties. The confusion results from loose and indefinite pleadings. The subject-matter of the controversy is the title to ten acres of land. Appellant filed his petition in the court below under the Act of June 10, 1893, P. L. 415, setting forth his claim of title to the land in dispute and asked for a rule upon the appellees, who denied his title and right of possession, to show cause why an issue should not be framed to settle and deter-

mine the respective rights and title of the parties to said land. Appellees answered, denying title and possession in appellant and claiming both in themselves. After hearing the court directed an issue to be framed to determine the ownership of the ten acre tract of land in dispute, with appellees as plaintiffs and appellant as defendant. No formal issue was framed as the statute requires and the parties went to trial upon the general averments of the petition and answer which were treated as the pleadings in the case. This practice should not be encouraged although it seems to have been adopted in several counties called to our attention. The statute clearly contemplates the framing of a formal definite issue setting forth the exact questions to be determined by the jury. Both sides should be required to file abstracts of title and the entire proceeding should conform as nearly as may be to an action of ejectment. The title to land is the question to be determined and the verdict of the jury in such an issue has the force and effect of a verdict in ejectment upon an equitable title. All of which indicate the necessity for formal pleadings and definite issues. We have called attention to this question because in several recent cases arising under the act of 1893, and brought before us on appeal, definite issues were not framed and the pleadings were as informal as those in the case at bar. While such records may not constitute reversible error they are not approved. In the present case one of the errors complained of is that appellees were allowed two strings to their bow when they should have been confined to one. In other words, they were allowed to go to the jury on the question of title by adverse possession, also title by parol purchase followed by possession and valuable improvements. The case was so tried but in view of the pleadings we cannot say there was reversible error in so doing. It is true that one of the averments in the answer of appellees is that appellant sold the land in controversy to Abraham Howard soon after he, Berkey, had acquired title to the same

in 1885, and the evidence shows that the title by purchase was the one mainly relied on by appellees at the trial. We do not agree with the contention of learned counsel for appellant that the evidence was not sufficient to submit to the jury on the question of parol sale followed by possession, erection of buildings and other acts indicating ownership. We think the evidence was sufficient for the purpose intended. The learned trial judge in a charge free from just criticism left it to the jury to say whether Howard had taken possession under his parol purchase, or as tenant under appellant. This was the pinch of the case and the court so instructed the jury. The able argument of counsel for appellant has not convinced us that the learned court committed any error in this respect.

There is some doubt whether title by adverse possession was set up under the pleadings. One of the averments of the answer is "that said Abram Howard went into possession of said land on or about the first day of September, 1885, and remained in possession of the same until his death, to wit, May 5, 1907, when the title and possession thereto descended to the respondents who held the possession and still hold the legal possession thereto." There is another averment that the possession in the Howards has been continuous and unbroken to the present time. These averments, it is true, are somewhat ambiguous and leave room for doubt as to whether the possession was open, notorious and adverse as against appellant or was possession taken under the alleged parol sale. However, both questions were left to the jury and during the entire course of the trial both claims of title were insisted upon. In view of the very general averments of both the petition and answer which formed the pleadings in the case we cannot say that the court committed error in admitting testimony to prove adverse possession and in submitting this question to the jury. This was within the reasonable discretion of the court under the pleadings.

We have examined with care each of the thirteen as-

signments of error but deem it unnecessary to discuss them in detail. Our general views hereinbefore expressed cover the important questions raised and are controlling.

Assignments of error overruled and judgment affirmed.