## Ullom, Appellant, *v.* Hughes.

*Title—Issue to determine title—Mines and mining—Act of June* 10, 1893, *P. L.* 415—*Ejectment.*

The Act of June 10, 1893, P. L. 415, entitled, "An act to provide for the quieting of titles to land," does not give a new right enforceable only in the prescribed way, but merely a new remedy for a right always existing to defend title and possession; and the new remedy is plainly intended to be cumulative only. All the old remedies remain unaffected. Either party may go into equity, the vendor for rescission or cancelation of the contract, and the vendee for specific performance. And the vendee still has the further choice of an ejectment or an action for damages for breach of the contract. In either of these ways he can have his case tried by a jury, but formerly the vendor had no such remedy.

Where an owner of land gives an option to another, and a dispute arises as to whether the option has been exercised and accepted, the owner of the land is entitled to an issue under the act of June 10, 1893, to remove the cloud upon his title.

In such a case the control of the court over both the form and the substance of the issue is ample, and should be exercised to fit the requirements of the real controversy between the parties. The defendant on coming in to answer the rule may disclaim, as provided in the act, or he may deny default on his part and ask for a conditional verdict as if in ejectment, or he may set up a default by the plaintiff and elect to recover damages under a plea of set-off, as in an action for breach of contract. The court should mould the issue according to the circumstances, so as to reach a trial on the merits.

| 204 | 305 |
| 211 | 3317 |
| 204 | 305 |
| e213 | 1204 |
| 213 | 205 |
| 204 | 305 |
| 216 | 1208 |
| 204 | 305 |
| f219 | 3379 |

Argued Oct. 20, 1902. Appeal, No. 64, Oct. T., 1902, by plaintiff, from order of C. P. Greene Co., May T., 1901, No. 19, refusing an issue to quiet title in case of petition of Harrison Ullom. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Petition for an issue to quiet title to lands.

From the record it appeared that on August 9, 1899, Harrison Ullom, an owner of lands in Greene county, gave to William T.

Hughes an option in writing to purchase the coal under the said lands and a portion of the surface. The option ran until December 1, 1899. Hughes assigned his interest in the option to one Slease. Slease on November 30, 1899, caused a notice of acceptance to be served on Ullom. The agreement or option was subsequently recorded. Each party denied that the other had performed the covenants undertaken in the agreement.

TAYLOR, P. J., filed an opinion in which, after reciting the agreement, he found as follows:

The terms of the agreement or option contained therein, as above set out, are not in dispute between the parties. The only question arising under this agreement or option being whether or not, the parties to it, and their assignees, have complied with its terms, on the one hand, to be entitled to a decree of specific performance, and on the other hand, to a decree of cancelation of the contract.

Under the undisputed facts of the case as disclosed by the petition and answer, does the Act of June 10, 1893, P. L. 415, apply ? The respondent makes no denial of petitioner's title or possession of the coal as described in said agreement, except in so far as the same are affected by the terms of said agreement and notice of acceptance, or that he has ever paid the purchase money so as to divest petitioner's title, but that the petitioner and his wife contracted to convey the same to him, which contract he asks be enforced by a chancellor in a court of equity. The petitioner alleges that respondent's rights under said agreement or option have been lost by his failure to perform his part of the agreement.

Under the Act of June 10, 1893, P. L. 415, and the authorities of Del. & Hudson Canal Co. v. Genet, 169 Pa. 343, and McGarry v. McGarry, 9 Pa. Superior Ct. 71, the court of common pleas is required to find two facts to be true from the petition before said act is mandatory of an issue; they are the facts of the petitioner's possession and the (respondent's) or adversary's denial of the title. Of the fact of the petitioner's possession there is no denial, and we so find the fact of the petitioner's possession in this case; but we do not find as a fact, the denial by this adversary of the petitioner's title, but an affirmance of the petitioner's title by his adversary to said

coal and mining rights.   By the agreement, notice of acceptance and a tender of the purchase money, as set up by respondent, he has but an equity in the coal and mining rights, of which the legal title and possession are both in the petitioner and which the respondent contends, under a contract between them, should be conveyed to the lessee's assignees.   If it can be held under the undisputed facts of this case that the Act of June 10, 1893, P. L. 415, applies, on a trial on an issue framed, before the respondent could recover, if the facts found by a jury were with him, he would have to tender the purchase money, and this would be in effect turning an action of ejectment into a proceeding for specific performance of a contract, an existing remedy for the enforcement and determination of contracts that the act of June 10, 1893, was never intended and does not supersede, nor does said act provide a new remedy to settle and adjudicate questions arising out of contract, nor a new remedy for the specific performance or cancelation of contracts relating to the sale of real estate.

*Error assigned* was the order refusing an issue.

*A. H. Sayers*, with him *Joseph Patton*, for appellant.—Under the 2d section of the Act of June 10, 1893, P. L. 415, the facts required to be set forth in the petition and found by the court are the petitioner's possession and the adversary's denial of his title ; and it is not material in the proceeding what other questions of fact are raised by the petition and answer: Del. &. Hudson Canal Co. v. Genet, 169 Pa. 343 ; McGarry v. McGarry, 9 Pa. Superior Ct. 71.

The party in possession is no longer bound to wait the attack but may act on the offensive and bring on the battle at once : Del. & Hudson Canal Co. v. Genet, 169 Pa. 343.

Ejectment by vendee under articles was a proceeding to enforce specific performance of a contract: Corson v. Mulvany, 49 Pa. 88 ; Church v. Ruland, 64 Pa. 432 ; Hawn v. Norris, 4 Binn. 77 ; Baum v. DuBois, 43 Pa. 260 ; Deitzler v. Mishler, 37 Pa. 82.

The case of Gans v. Drum, 24 Pa. C. C. Rep. 481, involved nearly all the principles of the case at bar and was between vendor and vendee.   There the right to proceed by bill in

equity was refused, and the court suggested that the proper method of procedure was by petition for an issue under the act of June 10, 1893.

The case of McGarry v. McGarry, 9 Pa. Superior Ct. 71, was on a contract between vendor and vendee, and the court there decided that the issue was properly awarded.

The case of Del. & Hudson Canal Co. v. Genet, 169 Pa. 343, concerned a contract between vendor and vendee, and issue was only refused because the claim was not to land or its possession, but to personalty.

The case of Vankirk v. Patterson, 201 Pa. 90, arose out of a contract between vendor and vendee for the sale of real estate, and this court stated that "since the argument of this case, our attention has been called to the Act of June 10, 1893, P. L. 415, entitled, 'An act to provide for the quieting of titles to land,' and the suggestion has been made that this act provided a complete statutory remedy for the plaintiff. Whether it does or not, we do not here decide, as the question was not argued, nor was it considered by the court below."

*D. C. Cumpston,* with him *A. F. Silveus* and *M. R. Travis,* for appellee, cited : Loveland v. Howe, 2 Lack. Leg. News, 34.

Opinion by Mr. Justice Mitchell, January 5, 1903 :

The plaintiff being the owner of land, gave an option to the assignor of the present defendant, to purchase the coal and part of the surface, upon notice of acceptance before a certain date, payment, etc., the plaintiff covenanting on his part to furnish a survey, abstract of title, and general warranty deed, clear of incumbrances. As to these facts there is no dispute between the parties, but each charges the other with subsequent default in the performance of his covenants.

The learned judge below held that there was no denial of plaintiff's title but that defendant's claim was in affirmance of it and an assertion of a mere equity in subordination and dependent upon it, under the contract. He held, therefore, that the case was not within the statute.

This view was erroneous in taking too narrow a definition of a denial of title. The defendant here, it is true, does not deny the plaintiff's former title or assert in himself a title par-

amount, but he does deny the plaintiff's present title and right of possession by a claim that it has passed out of plaintiff to himself under the agreement. This is exactly the kind of denial of title that is involved in an equitable ejectment on the contract of sale, denial of present title by affirming prior title but averring that it has passed to the vendee. It is conceded on all hands that such an ejectment would lie here and the statute expressly gives the verdict in an issue under the present rule the same force and effect as in an ejectment on an equitable title.

The Act of June 10, 1893, P. L. 415, is entitled, " An act to provide for the quieting of titles to land," and provides that any person in possession of land and claiming to hold or own possession by any right or title whatsoever, whose " right or title or right of possession shall be disputed or denied " may apply by bill or petition and obtain a rule, etc. The intent of the act is to give an owner in possession an additional, speedy and convenient remedy for immediate trial and adjudication of any claim of adverse title to part or the whole of his land. It tends to equalize and assimilate the position of claimants of title whether in or out of possession. As was pointed out in Del. & Hudson Canal Co. v. Genet, 169 Pa. 343, it is another step in the same direction as the enlargement of equitable remedies, the Acts of May 21, 1881, P. L. 24, March 8, 1889, P. L. 10 and May 25, 1893, P. L. 131, etc., which have relieved the owner in possession from the common law necessity of inactive waiting for an attack on his title, and have enabled him to force an immediate contest and settlement. That case logically determines this.

The consequences deprecated by the court below do not follow. The act of March 21, 1806, has no bearing on the case, for the act of 1893 does not give a new right enforceable only in the prescribed way, but merely a new remedy for a right always existing, to defend title and possession. And the new remedy is plainly intended to be cumulative only. All the old remedies remain unaffected. Either party may go into equity, the vendor for rescission or cancelation of the contract, and the vendee for specific performance. And the vendee still has the further choice of an ejectment or an action for damages for breach of the contract. In either of these ways he can have his case

tried by a jury, but formerly the vendor had no such remedy. On a mere option which he did not admit had been accepted, as in the present case, he could not sue at law and could only get rid of the cloud on his title by going into equity. Under this act he may have the facts of acceptance or default determined by a jury.

The act expressly assimilates the proceeding to an equitable ejectment, and there is no valid reason why the remedy should not have a liberal construction in furtherance of the expressed purpose. If the plaintiff is in possession under claim of title and the defendant makes an adverse claim, whether by title paramount or title dependent by contract on his own, the dispute or denial within the contemplation of the act exists and a case for an issue is made out. The control of the court over both the form and the substance of the issue is ample, and should be exercised to fit the requirements of the real controversy between the parties. The defendant on coming in to answer the rule may disclaim, as provided in the act, or he may deny default on his part and ask for a conditional verdict, as if in ejectment, or he may set up a default by the plaintiff and elect to recover damages under a plea of set-off, as in an action for breach of contract. The court should mould the issue according to the circumstances so as to reach a trial on the merits.

Judgment reversed and an issue directed to be awarded.