## Fearl *v.* Johnstown, Appellant.

*Ejectment—Rule to bring ejectment—Possession—Acts of March* 8, 1889, *P. L.* 10, *June* 10, 1893, *P. L.* 415, *and April* 16, 1903, *P. L.* 212.

Where the title to real estate is in dispute, but the fact of possession is clear, the remedy is for the person in possession to rule the person out of possession to bring an ejectment, as provided by the Act of March 8, 1889, P. L. 10; but where both the title to the land and the fact of possession are in dispute, the remedy is a rule for an issue to be framed by the court as provided by the Act of June 10, 1893, P. L. 415.

Where a city claims a strip of land as part of a public street, and a private individual claims the same land as his own, and has recently built thereon a stone wall to which the city had immediately objected, the remedy for the individual claimant is by a rule on the city under the act of June 10, 1893, for an issue to be framed by the court.

Argued Oct. 10, 1906. Appeal, No. 162, Oct. T., 1906, by defendant, from order of C. P. Cambria Co., March T., 1906, No. 355, making absolute rule to bring ejectment in case of Thomas J. Fearl v. City of Johnstown. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Rule to bring ejectment to determine title to a strip of land claimed by the city of Johnstown as a portion of a public street, and by the plaintiff as his own individual property. Before HOLT, P. J., specially presiding.

The court, after describing the land and stating plaintiff's claim of title, found the facts as follows :

The petitioner, after obtaining the deed from Samuel L. Gorgas, executor of the will of Joseph Kern, entered into possession of the said piece of ground and exercised possession over the same until some time in the month of July, 1905, at which time he learned of the claim thereto by the respondent ; that the possession consisted in the putting up of a notice or notices on said property warning persons not to take sand therefrom ; that in the month of July, 1905, the petitioner commenced the digging of a trench upon the said property for the purpose of constructing thereon a stone wall, when the employees of the respondent undertook to fill in the ditch with earth, and thereupon the petitioner presented a bill on the equity side of said court, alleging his ownership and possession and the said interference, and praying the court for a preliminary injunction to restrain the respondent and its employees from further interference, and thereupon an injunction was granted as prayed for, and the said petitioner proceeded with the construction of the wall, or foundation, upon said property until his operations were stopped by an injunction issued upon the presentation of a cross bill by the said city against the said petitioner. The said wall still remains on the said premises, and is, in our opinion, a sufficient index of actual possession in the said petitioner at the time of the presentation of the said petition.

The court made absolute rule to bring ejectment.

*Error assigned* was the order of the court.

*Charles C. Greer*, city solicitor, for appellant.—Plaintiff's

remedy was under the act of 1893 : Huntzinger v. Helfenstein, 10 Pa. C. C. Rep. 576 ; Kennedy's Petition, 19 Pa. Superior Ct. 482 ; Canal Co. v. Genet, 169 Pa. 343 ; McGarry v. Mc-Garry, 9 Pa. Superior Ct. 71 ; Ullom v. Hughes, 204 Pa. 305 ; Smith v. Hibbs, 213 Pa. 202 ; Hutchinson v. Dennis, 15 Pa. Dist. Rep. 320.

*James B. O' Connor*, for appellee.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 7, 1907:

The single question now before us is whether the plaintiff's remedy is under the Act of March 8, 1889, P. L. 10, or the Act of June 10, 1893, P. L. 415. The purpose of both acts is the same but the methods of procedure are different. Neither act provides expressly for the settlement of the preliminary question of possession in fact, whereas in this case it is claimed by both parties. The language of the act of 1889 (as amended by the Act of April 16, 1903, P. L. 212) is "whenever any person not being in possession thereof shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof claiming title to the same, to make application to the court," etc. On the appearance of these two facts, the possession by plaintiff and the claim of title by the other party, without more, the rule is to be granted to bring ejectment or show cause why it should not be done. The statute does not appear to contemplate any dispute as to present possession, and has certainly made no express provision for it. It would not be straining the act very far to hold if necessary that as the fact of possession is a required preliminary to the exercise of the power granted, the court ex necessitate must decide it or the grant would be nugatory. But there is no necessity to resort to that construction, however allowable.

The act of 1893, though as already said making no express provision for decision of this preliminary question, does furnish a procedure easily adapted to that purpose and more in accordance with the general principle that questions of fact shall be settled by a jury. The language of section second, is "When any person . . . . shall be in possession of any lands . . . . claiming to hold or own possession of the same by any right or title whatsoever, which right or title or right of possession

shall be disputed or denied by any person," etc., the person in possession may apply by bill or petition to the court which shall grant a rule " to show cause why an issue shall not be framed between the parties to settle and determine their respective rights and title in and to said land." The act of 1889 it will be observed assumes that one party is in possession and the other out, and on those facts appearing directs a rule to bring ejectment. The act of 1893, though it provides for disputed " right or title or right of possession," (not explicitly for disputed fact of possession) prescribes for remedy a rule for an issue to be framed by the court. The control of the court as said in Ullom v. Hughes, 204 Pa. 305, " over both the form and the substance of the issue is ample and should be exercised to fit the requirements of the real controversy between the parties." After hearing the parties and their evidence on the return to the rule the court may mould the issue with due regard to the preliminary question which party is out of actual possession and should therefore have the burden of proof. In clear cases the act of 1889 affords the simpler and more direct remedy and should have the preference. And it should not be defeated by a mere denial in the pleadings that plaintiff is in possession or that defendant is out, for that would make it too easy for an unwilling defendant to render the act ineffective. But where there is a substantial contest as to the fact of present possession, or the evidence leaves this fact in doubt, the act of 1893 provides the more appropriate and effective procedure. On the hearing of the rule the court is to frame the issue according to the circumstances to reach the real controversy. At this stage of the case the court goes no further, the merits of the respective claims or titles of the parties go to trial on the issue. The distinction and the proper practice are very clearly pointed out by our Brother MESTREZAT in Titus v. Bindley, 210 Pa. 121.

In the case now in hand the learned judge properly held that the only material fact before him was that of possession, and he proceeded to find that fact on the evidence produced at the hearing. But we cannot say that the possession was not in substantial dispute. The land in question is a strip adjoining a public street and claimed by the defendant as part of it. The acts of possession on the part of plaintiff were re-

cent and the principal one, on which the court mainly relied, the building of a stone wall on the lot, was immediately disputed by the city and was the subject of active litigation when this proceeding was begun. This was not the kind of possession intended by the act of 1889. The plaintiff is entitled under the finding of the court below to the prima facie advantage of being regarded as in possession, but the city ought not to be barred from disputing that fact, as it would be by the technical admission involved in bringing even a compulsory action of ejectment. By an issue under the act of 1893 the rights of both parties in that regard can be· effectually preserved.

The other questions argued by appellant relating to the merits of the respective titles are not yet ripe for adjudication. They belong to the trial of the issue hereafter.

The order making absolute the rule to bring ejectment is reversed, with leave to the court below either to discharge the rule, or to permit the plaintiff to amend his petition to one for a rule for an issue under the act of 1893.