# Kimmel v. Shaffer, Appellant.

*Ejectment—Proceedings to settle title to land—Possession—Act of June 10, 1893, P. L. 415—Issue—Parties.*

The Act of June 10, 1893, P. L. 415, was intended to settle title to land as well as possession, and the requirement of sec. 2 as to the petitioner is that he shall be in possession of the land "claiming to hold or own possession of the same by any right or title whatsoever, which right or title or right of possession shall be disputed," etc. It is not merely the petitioner's possession which must be disputed and which he may defend under the acts but the title by which his possession is held. A claim of respondent to a contingent right upon the death of the life tenant, who is averred to be a person different from the petitioner although it refers to the future, is still a present dispute of the title by which the petitioner holds possession, and is therefore within the act.

In an issue framed under the Act of June 10, 1893, P. L. 415, the better practice is to make the petitioner the defendant in the issue, but it is not ground to reverse the judgment because the respondent was made the defendant. The issue both as to substance and form is under the entire control of the court, to be moulded to fit the requirements of the real controversy between the parties.

*Deed—Fee tail special—Fee simple estate—Heirs of the body.*

Where the premises of a deed recite the deed as made between the grantor and his wife and the grantee and his wife " for their natural lives, and afterward to the heirs begotten from their bodies in fee simple," and the grant is "unto the said parties of the second part, their heirs and assigns," the deed will be construed as conveying a fee tail special which the statute converts into a fee simple.

Argued Oct. 24, 1907. Appeal, No. 6, Oct. T., 1907, by defendant, from judgment of C. P. Somerset Co., May T., 1904, No. 360, on verdict for plaintiff in case of Abbie Kimmel v. Clara K. Shaffer. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Petition for an issue to settle title to land under Act of June 10, 1893, P. L. 415.

The petition of Abbie Kimmel represented that she is the owner and has title in fee simple to a tract of land in Quemahoning and Stonycreek townships, containing eighty-seven and three-quarters acres, being the same tract conveyed to petitioner by Valentine Hay and wife by deed dated February 20, 1894. That she resides upon and has possession of the whole of said tract of land. That David A. Lambert and wife conveyed to Joseph and Eliza Keefer and their certain heirs, by deed dated May 18, 1877, and under the rule in Shelley's case, and under the act of 1855, vested in said Joseph and Eliza Keefer title in fee simple, and they conveyed to Valentine Hay.

That Clara K. Shaffer claims a right or title to said tract of land under the deed to Joseph and Eliza Keefer aforesaid as one of the children of said Joseph and Eliza Keefer. That petitioner had made a sale of the coal on said land and Clara K. Shaffer served notice of her claim on the purchaser, and praying the court to grant a rule upon said Clara K. Shaffer to show cause why an issue shall not be framed to settle and determine their respective rights and title to said land.

Clara K. Shaffer by answer admitted the title to the premises in dispute was vested in David Lambert, recited the deed of David Lambert above, quoting therefrom, and averred that Eliza Keefer died on May 29, 1899, leaving to survive her a husband, the said Joseph Keefer, who is still living, and the following heirs : (1) Austin Denison, (2) Mary Jane Friedline, (3) your respondent, Clara K. Shaffer, (4) the petitioner, Abbie Kimmel. And the said Austin Denison and Mary Jane Friedline are not children of the said Joseph Keefer, and averring that the deed from David Lambert to Eliza and Joseph Keefer vested in them a life estate, and at the death of both of the life tenants an estate in fee simple in Abbie Kimmel and Clara K. Shaffer, and denying that the court had any right to make an order compelling respondent to institute an action of ejectment before the death of said Joseph Keefer.

The deed in dispute was as follows :

" This Indenture, made the 18th day of May, in the year of Our Lord One Thousand Eight Hundred and Seventy-seven, between David Lambert and Ann Mariah Lambert, his wife, of Stonycreek Township, Somerset County, and State of Pennsylvania, of the first part, and Eliza Keifer and Joseph Keifer, her husband, of Quemahoning Township, county and State aforesaid, for their natural lives, and afterward to the heirs begotten from the bodies of said Eliza Keifer and Joseph Keifer, her husband, in fee simple, of the second part.

" Witnesseth : That the said parties of the first part, for and in consideration of the sum of Eight Hundred ($800) Dollars, etc., do grant, bargain, sell, etc., unto the said parties of the second part, their heirs and assigns, all the following described piece of land, etc.

" Acknowledged 18th May, 1877. Recorded 21st December, 1900. Deed Book, Vol. 108, page 299."

*W. H. Ruppel,* with him *F. W. Beisecker* and *L. C. Colborn,* for appellant.—The court had no right to frame the issue : Stamey v. Barkley, 211 Pa. 313 ; Smith v. Hibbs, 213 Pa. 202 ; Canal Co. v. Genet, 169 Pa. 343 ; Light & Heat Co. v. Rentz, 29 Pa. C. C. Rep. 78 ; McGarry v. McGarry, 9 Pa. Superior Ct. 71 ; Britton v. Posey, 29 Pa. C. C. Rep. 668 ; Ul-

lom v. Hughes, 204 Pa. 305 ; Fearl v. Johnstown, 216 Pa. 205 ; Alles v. Lyon, 216 Pa. 604.

Eliza and Joseph Keefer took a life estate : Findlay v. Riddle, 3 Binn. 139 ; Price v. Taylor, 28 Pa. 95 ; Guthrie's App., 37 Pa. 9 ; Tyler v. Moore, 42 Pa. 374 ; Means v. Presbyterian Church, 3 W. & S. 303 ; Huss v. Stephens, 51 Pa. 282 ; Yarnall's App., 70 Pa. 335 ; Robbins v. Quinliven, 79 Pa. 333 ; Warn v. Brown, 102 Pa. 347 ; Criswell v. Grumbling, 107 Pa. 408 ; Bedford Lodge v. Lentz, 194 Pa. 399 ; Kuntzleman's Est., 136 Pa. 142 ; McCann v. McCann, 197 Pa. 452 ; Jones v. Bower, 20 Pa. C. C. Rep. 95 ; Jones v. Jones, 201 Pa. 548 ; Bacon's Est., 202 Pa. 535 ; Ackerman v. Ackerman, 32 Pa. C. C. Rep. 353.

*Ernest O. Kooser,* with him *Valentine Hay* and *A. L. G. Hay,* for appellee.—The right of the court to frame an issue under the act of June 10, 1893, to try the title of one who claims a remainder without the right of immediate possession, has been affirmatively decided in Smith v. Hibbs, 213 Pa. 202.

The right of the court to determine the form of the issue, which includes the arrangement of the parties, is expressly provided by the act.

The terms of the deed, as affected by the rule in Shelley's case, are the technical words employed to create an estate tail ; which the act of 1855 enlarges into an estate in fee simple : Schrecongost v. West, 210 Pa. 7.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 6, 1908 :

The Act of June 10, 1893, P. L. 415, was intended to settle title to land as well as possession, and the requirement of sec. 2 as to the petitioner is that he shall be in possession of the land " claiming to hold or own possession of the same by any right or title whatsoever, which right or title or right of possession shall be disputed," etc. It is not merely the petitioner's possession which must be disputed and which he may defend under the act, but the title by which his possession is held. The argument of appellant is that the plaintiff's present right of possession and her possession in fact are not disputed, the appellant's claim being only to a contingent right upon the death of Keefer whom she avers to be the life tenant.

But this though it refers to the future is still a present dispute of the title by which the plaintiff holds possession and is, therefore, within the act. " What the party in possession needs and what the act gives him is the right to a present adjudication of his title : " Canal Co. v. Genet, 169 Pa. 343.

The very point was decided in Stamey v. Barkley, 211 Pa. 313, where the petitioner's present right of possession was not disputed, but the adverse right set up was of a contract to purchase at a future time, and the contest was on one hand to remove the cloud on petitioner's title and on the other to maintain it.

And the same point was again decided in Smith v. Hibbs, 213 Pa. 202, where a remainder-man making no claim to present possession, but duly served along with the life tenant, was held to be barred by the proceeding.

A second objection by appellant is that the petitioner in possession was made the plaintiff in the issue. But it does not appear how this did any harm to appellant. In general the better practice is to make the petitioner the defendant in analogy to ejectment where the party in possession is not called on to disclose his title until he knows by whom and on what grounds it is attacked. But as said in Ullom v. Hughes, 204 Pa. 305, the issue both as to substance and form is under the entire control of the court, to be molded to fit the requirements of the real controversy between the parties. It may well be as argued by appellant that some cases will be found to present difficulties in the application of the statute, but these are not likely to be insuperable. It is a remedial act with great elasticity under the control of the courts and the increasing resort to it shows the general judgment of the profession that it is effective as well as convenient. It should be construed and applied in furtherance of this view.

The deed from Lambert and wife to Eliza and Joseph Keefer, assuming it to be read as the parties here and the court below read it, clearly conveyed a fee tail special which the statute converted into a fee simple. The only doubt about it might be whether the heirs of the body of the Keefers are properly to be included among the parties of the second part. They are only mentioned in the premises to the deed while the operative words of the grant and the habendum are to

" the parties of the second part, their heirs and assigns." But notwithstanding the inartificial form the intent of the deed seems to be as the court held.

Judgment affirmed.