# Earhart, Appellant, *v.* Marshall.

*Ejectment — Quieting title — Possession — Joint possession—Act of June 10, 1893, P. L. 415.*

The remedy provided by act of June 10, 1893, entitled "An Act to provide for the quieting of titles to land" is available only where the complaining party is in possession of the land over which the dispute arises. Where the pleadings in a proceeding under the act show that the parties have a joint possession, the court is without jurisdiction.

Argued Oct. 4, 1911. Appeal, No. 198, Oct. T., 1911, by plaintiff, from order of C. P. Armstrong Co., March Term, 1911, No. 241, dismissing petition to quiet title in case of Elizabeth C. Earhart v. James W. Marshall and Kate Marshall. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition to quiet title.
The opinion of the Supreme Court states the case.

*Error assigned* was order dismissing petition.

*C. E. Harrington,* with him *Jefferson R. Leason,* for appellant, cited: Fearl v. Johnstown, 216 Pa. 205; Kimmel

v. Shaffer, 219 Pa. 375; Pifer v. Berkey, 229 Pa. 394; Ullom v. Hughes, 204 Pa. 305; Del. & Hudson Canal Co. v. Genet, 169 Pa. 343.

*H. A. Heilman*, with him *E. O. Golden*, for appellees, cited: Loveland v. Howe, 2 Lack. L. N. 34; Hutchinson v. Dennis, 217 Pa. 290; Kimmel v. Shaffer, 219 Pa. 375.

OPINION BY MR. JUSTICE STEWART, January 2, 1912:

The remedy provided by Act of June 10, 1893, P. L. 415, entitled, "An Act to provide for the quieting of titles to land" is available only where the complaining party is in possession of the land over which the dispute arises. This is apparent when it is considered that the whole purpose of the act, as was said in Ullom v. Hughes, 204 Pa. 305, was to relieve the owner in possession from the common-law necessity of inactively waiting for an attack on his title and enable him to force an immediate contest and settlement. The possession of the complaining party, as was said in Titus v. Bindley, 210 Pa. 121, is a jurisdictional fact, which must appear before the act can be made to apply. Possession, within the meaning of the act, cannot be affirmed where between the parties to the controversy there is a joint occupancy. Here the petition not only did not aver exclusive possession in complainant of the premises in dispute, but in express terms admitted that pursuant to an agreement into which she voluntarily entered the respondents were, and had been for several years, in joint occupancy and possession of the premises with herself. The question of title to the land does not arise. The petition admits that complainant for a valuable consideration conveyed the title to one of the respondents, reserving the right to occupy the same during her life; that shortly thereafter, by virtue of another agreement made with respondents, she admitted them to joint occupancy with herself; and complains that after having obtained possession with the petitioner respondents began a course of unkind treatment towards her for the purpose, as she

believes, of compelling her to abandon her home;.and that although often requested to vacate the premises the respondents have refused to do so, and now insist upon their right to the possession, denying the petitioner's exclusive right.   The answer of respondents, as we read it, makes no denial of petitioner's right of the common or joint occupancy in the premises with themselves.   The whole question is between parties in joint possession as to their several and respective rights in connection therewith.   The act of June 10, 1893, furnishes no remedy for the determination of such disputes.  The petition was properly dismissed; the appeal is without merit, and it is accordingly dismissed at the cost of appellant.