Opinion by
Rice, P. J.,
The controversy in this case is over the title and right of possession of a strip of land about 200 feet wide, which the petitioners allege is on their side of the true boundary line between their farm and the respondents’ farm, and which the respondents assert is on their side of that line, the main dispute being as to the proper location of the boundary line. We need not incumber the case by recital *80 of the averments of the petition and the answer as to the title and right of possession to this strip; it is sufficient to say that there is such dispute regarding them as brings the case within the Act of June 10, 1893, P. L. 415, entitled: “An Act to provide for the quieting of titles to land,” if the other essentials to the exercise of jurisdiction under that act are present. As to the fact of possession at the time of the institution of the proceeding, the plaintiffs aver that they “now have in their actual possession as tenants in common” all of the described larger tract of which the disputed strip constitutes a part, and “have been in possession of said above described premises for at least sixty years;” while the respondents, in their answer, deny that the plaintiffs have the “actual and exclusive” possession of the strip, “and further deny that they have had possession of such strip for at least sixty years,” as is alleged in the petition. Not only was the fact of possession in dispute under the petition and answer, but the evidence adduced on the hearing of the rule showed that there was, and had been for some time, a substantial contest regarding it. There was no such dispute in Earhart v. Marshall, 233 Pa. 365, for there the petition not only did not aver exclusive possession in complainant, but in express terms admitted that, pursuant to an agreement in which she voluntarily entered, the respondents were, and had been for several years, in joint occupancy and possession of the premises, and the answer made no denial of the petitioner’s right of common or joint occupancy in the premises with themselves. Nor does the report of Putt v. Africa, 232 Pa. 182, show that there was any such dispute in that case. Indeed, it is stated in the opinion that the fact that the petitioners were not in possession of the land was found by the court below on the testimony of one of their number. “In determining whether a conclusion of law in any adjudicated case is a precedent in a subsequent one, the value of the first, usually, is measured by its similarity or dissimilarity to the second in its controlling facts:” Yoders v. Amwell Twp., 172 Pa. 447. *81 Having this principle in view, we are unable to conclude that these cas.es,' or any of the other cases cited in appellees’ brief, control the decision of the present case. But the case of Fearl v. Johnstown, 216 Pa. 205, is duectly on the point, both as respects the matter adjudicated and the reasoning of the opinion. There the plaintiff obtained a rule on the respondent, under the Act of March 8, 1889, P. L. 10, to bring ejectment. Upon the hearing of the rule, the court of common pleas found that the petitioner was in possession at the time of the presentation of his petition, and made the rule absolute. Upon appeal, this order was reversed, with leave to the court below, either to discharge^ the rule or to permit the plaintiff to amend his petition to one for a rule for an issue under the act of 1893. It is thus seen that the court not only expressed opinion that the proper procedure was under the act of 1893, but made it a matter of adjudication by the order to which we have referred; So that nothing that is said in the opinion, relating to the question before us, can be regarded as obiter dictum. Speaking of the act of 1889 and the act of 1893, the court said: “The purpose of both acts is the same but the methods of procedure are different. Neither act provides expressly for the settlement of the preliminary question of possession in fact, whereas in this case” (as in the case before us) “it is claimed by both parties.” Further on in the opinion the court said: The act of 1893, though making no express provision for decision of this preliminary question, “does furnish a procedure easily adapted to that purpose and more in accordance with the general principle that questions of fact shall be settled by a jury. . . . The act of 1889 it will be observed assumes that one party is in possession and the other out, and on those facts appearing directs a rule to bring ejectment. The act of 1893, though it provides for disputed ‘right or title or right of possession,’ (not explicitly for disputed fact of possession) prescribes for remedy a rule for an issue to be framed by the court. The control of the court, as said in Ullom v. Hughes, 204 Pa. 305, ‘over both the *82 form and the substance of the issue is ample and should be exercised to fit the requirements of the real controversy between the parties.’ After hearing the parties and their evidence on the return to the rule the court may mold the issue with due regard to the prehminary question which party is out of actual possession and should therefore have the burden of proof. In clear cases the act of 1889 affords the simpler and more direct remedy and should have the preference. And it should not be defeated by a mere denial in the pleadings that plaintiff is in possession or that defendant is out, for that would make it too easy for an unwilling defendant to render the act ineffective. But” (and here comes the particular point of the decision to which emphasis should be attached) “where there is a substantial contest as to the fact of present possession, or the evidence leaves this fact in doubt, the act of 1893 provides the more appropriate and effective procedure. On the hearing of the rule the court is to frame the issue according to the circumstances to reach the real controversy. At this stage of the case the court goes no further, the merits of the respective claims or titles of the parties go to trial on the issue.” It is apparent from this extended quotation that there may be possession not so peaceable and undisputed as will authorize a proceeding under the act of 1889, but which, nevertheless, will authorize a proceeding under the act of 1893. And this construction of the act, though liberal, is warranted by its remedial nature and the purpose which the legislature had in view. It reaches a class of cases which, as plainly as any that can be conceived, call for the establishment of such remedy. “It is a remedial act with great elasticity under the control of the courts, and the increasing resort to it shows the general judgment of the profession that it is effective as well as convenient. It should be construed and applied in furtherance of this view:” Kimmel v. Shaffer, 219 Pa. 375. The case of Fearl v. Johnstown has not been expressly questioned in any subsequent case, and the principle there enunciated as plainly applies to the facts of *83 this case as it did to the facts of that case. Upon every consideration we think it should be adhered to and followed. Every objection to the granting of the issue in the present case, it seems to us, was removed by the petitioners’ offer to be made plaintiff therein. We think the issue should have been awarded and framed in accordance with the practice clearly set forth in the case of Pifer v. Berkey, 229 Pa. 394.
The order is reversed, the rule to show cause is reinstated and made absolute, and the record is remitted with direction to the court to frame an issue between the respective parties in accordance with the provisions of the act of June 10, 1893; the costs of this appeal to be paid by the appellees.