## Mildren *v.* Nye, Appellant.

*Real property—Issue to quiet title—Possession—Acts of June 10, 1893, P. L. 415, and April 16, 1903, P. L. 212.*

1. Where a petition filed under the Act of June 10, 1893, P. L. 415, to quiet title to land, avers possession in the petitioners, and such averment is denied by the respondents, and upon a rule to show cause why an issue should not be awarded testimony is taken and the court finds as a fact that the petitioners' jurisdictional averment of possession has not been sustained, and that the respondents were in the actual physical possession of the property at the time the petition was filed, an issue is properly refused by the Court of Common Pleas. Fearl v. Johnstown, 216 Pa. 205, considered and distinguished.

2. Possession in the petitioner is necessary to give the court its purely statutory jurisdiction, and such jurisdiction cannot be acquired where there is only a contest as to the fact of possession, and there is not actual possession in petitioner. In such case the remedy is still trespass or ejectment under the common law.

3. If possession by the petitioner be denied by the respondent, the court must pass upon that fact, not, however, with the conclusiveness of the verdict of a jury, but as establishing the petitioner's right to the issue, for, though the Act of 1893 makes no express provision for a determination of this preliminary question by the court, it does so by clear implication, when it declares that the issue shall be granted "if it shall appear to the court that the facts set forth in such petition are true." The meaning of this is that, before the court can award an issue, it must find to be true the facts averred in the petition, if they are disputed.

Argued Jan. 20, 1913. Appeal, No. 18, Oct. T., 1913, by defendants, from judgment of Superior Court, April

T., 1912, No. 169, reversing order of C. P. Armstrong Co., Dec. T., 1911, No. 67, refusing an issue to quiet title in case of Annie H. Mildren and W. J. Mildren, her husband, and Richard L. Mildren v. Nellie A. Nye and William Nye, her husband. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Reversed.

Appeal from Superior Court.

From the record it appeared that the controversy was over the title and right of possession of a strip of land about 200 feet wide which the petitioners alleged was on their side of the boundary line between their farm and the respondents' farm, and which the respondents asserted was on their side of that line. Upon a hearing to show cause in the Common Pleas, evidence was taken which showed a contest as to possession, but the court found that the petitioners' averment of possession had not been sustained, that the respondents were the last parties in the actual physical possession of the property at the time the petition was filed, and that at best the land was in joint possession of both parties, each asserting rights to actual possession. The court refused an issue. Appeal was taken to the Superior Court which reversed the order of the Common Pleas.

*Error assigned* was the judgment of the Superior Court. See 51 Pa. Superior Court 78.

*J. W. King,* for appellants.—Petitioners were not entitled to an issue: Earhart v. Marshall, 233 Pa. 365; Putt v. Africa, 232 Pa. 182; Delaware & Hudson Canal Co. v. Genet, 169 Pa. 343; Kimmel v. Shaffer, 219 Pa. 375; Loveland v. Howe, 2 Lack. Leg. N. 34.

*C. E. Harrington,* for appellees.—The pleadings and testimony conclusively show a disputed question as to the fact of present possession, and it was the manifest duty of the court to frame an issue: Fearl v. Johnstown,

216 Pa. 205; Kimmel v. Shaffer, 219 Pa. 375; Ullom v. Hughes, 204 Pa. 305; Pifer v. Gerkey, 229 Pa. 394.

OPINION BY MR. JUSTICE BROWN, March 24, 1913:

The Act of March 8, 1889, P. L. 10, amended by the Act of April 16, 1903, P. L. 212, is for the settling of titles to real estate, and the Act of June 10, 1893, P. L. 415, provides "for the quieting of titles to land." Each act is for the same purpose, and, though the methods of procedure under the one differ from those under the other, the provisions of neither can be invoked by any one who is not in possession of the land. The petition in this case was filed under the Act of 1893, the petitioners averring that they were in possession of the land in controversy, and that their right to the possession of it was disputed and denied by the respondents. An answer was filed denying the petitioners' possession of the land, and, upon the hearing of the rule to show cause why an issue should not be awarded, the court found that the petitioners' jurisdictional averment of possession had not been sustained and that the respondents were in the actual physical possession of the property at the time the petition was filed. In view of this finding, the court refused the issue. On appeal to the Superior Court, this was held to have been error: Mildren v. Nye, 51 Pa. Superior Ct. 78. In the judgment of that court there was a substantial contest as to the possession of the property at the time the petition was filed and it held that, in view of what was said by Mr. Chief Justice MITCHELL in Fearl v. Johnstown, 216 Pa. 205, the issue should have been awarded. From its decree, directing the court below to frame an issue, we have this appeal.

The second section of the Act of 1893 provides that, "When any person or persons, natural or artificial, shall be in possession of any lands or tenements in this Commonwealth, claiming to hold or own possession of the same by any right or title whatsoever, which right or

title or right of possession shall be disputed or denied by any person or persons as aforesaid, it shall be lawful for any such person to apply by bill or petition to the Court of Common Pleas of the county where such land is situate, setting forth the facts of such claim of title and right of possession and the denial thereof by the person or persons therein named, and thereupon the said court shall grant a rule upon such person or persons, so denying such right, title or right of possession, to appear at a time to be therein named and show cause why an issue shall not be framed in said court, between the parties, to settle and determine their respective rights and title in and to said land. Twenty days' notice of such rule shall be given. And if, upon the hearing of such rule, it shall appear to the court that the facts set forth in such petition are true, it shall be the duty of the court thereupon to frame an issue of such forms as the court shall deem proper between the respective parties, to settle and determine the right and title of the respective parties to said land, and the verdict of the jury in such issue shall have the same force and effect upon the right and title and right of possession of the respective parties in and to said land as a verdict in ejectment upon an equitable title." In the face of the plain words of this section, it was hardly necessary for us ever to have said that the person or persons seeking to avail themselves of it must be in possession of the land, the title to which may be quieted by the act; but we have repeatedly so said from Delaware & Hudson Canal Company v. Genet, 169 Pa. 343, where the Act of 1893 was first passed upon, down to Earhart v. Marshall, 233 Pa. 365. In the first case we said, through Mr. Justice MITCHELL: "The Act of June 10, 1893, P. L. 415, is entitled 'An Act to provide for the quieting of titles to land,' and the second section, with which we are concerned, was intended to give a party in possession the right and the opportunity to institute a proceeding to test his title as against an adverse claimant. At com-

mon law the adversary might lie by, concealed or quiet, and choose his own time for the contest, subject only to the risk that the statute of limitations might shut him out. The party in possession could do nothing but await the attack........The party in possession is no longer bound to await the attack, but may act on the offensive and bring on the battle at once. The proceeding under the act is by petition setting forth the facts of such claim and right of possession, and the denial thereof, and if the court is satisfied that the facts set forth are true, it shall award an issue, and the verdict thereon shall have the force and effect of a verdict in ejectment on an equitable title. But this does not mean that disputed facts to be passed on by a jury, are essential to the remedy. What the party in possession needs, and what the act gives him, is the right to a present adjudication of his title but not necessarily by a verdict on conflicting evidence. The facts required to be set forth in the petition and found by the court to be true, are the facts of petitioner's possession and the adversary's denial of his title. When these appear, the issue is to be awarded, and if it should turn out at the trial that the dispute was not over facts, but over the law resulting from them, this would not affect the remedy any more than it would affect an equitable ejectment. The right to the issue having been shown by the possession and the denial of title, the issue goes on to trial on the facts and the law as in other cases." In Ullom v. Hughes, 204 Pa. 305, the same learned justice said: "The intent of the act is to give an owner in possession an additional, speedy and convenient remedy for immediate trial and adjudication of any claim of adverse title to part or the whole of his land"; and in Hutchinson v. Dennis, 217 Pa. 290, he said, speaking for the court, that the Act of 1893 had no application where one who would invoke it was not in actual possession of the land. "The Act of June 10, 1893, P. L. 415, was intended to settle title to land as well as possession, and the requirements

of Section 2 as to the petitioner is that he shall be in possession of the land 'claiming to hold or own possession of the same by any right or title whatsoever, which right or title or right of possession shall be disputed,' etc.": Kimmel v. Shaffer, 219 Pa. 375. In Putt v. Africa, 232 Pa. 182, a case not very fully reported, the petitioner in the court below averred that he was in possession of the lands. This was denied in the answer of the respondents. As the petitioner failed to make it appear that he was in actual possession of the premises, the court below said, "that being the case it in itself will defeat the right to an issue." This we affirmed. The latest case upon the subject is Earhart v. Marshall, 233 Pa. 365, in which, speaking for this court, our Brother Stewart said: "The remedy provided by Act of June 10, 1893, P. L. 415, entitled, 'An Act to provide for the quieting of titles to land' is available only where the complaining party is in possession of the land over which the dispute arises.......The possession of the complaining party, as was said in Titus v. Bindley, 210 Pa. 121, is a jurisdictional fact, which must appear before the act can be made to apply. Possession, within the meaning of the act, cannot be affirmed where between the parties to the controversy there is a joint occupancy." Under this latest case, even if the land here in dispute had been in the joint possession of the petitioners and respondents, the Act of 1893 would have no application.

In view of what we have so repeatedly said of the plain words of the Act of 1893, as to who may petition for an issue to quiet titles to land, there ought to be no question as to the correctness of the action of the court below after its finding that the petitioners were not in possession of the premises in dispute; and it is not likely that there would be but for what was said by Mr. Chief Justice Mitchell in Fearl v. Johnstown, supra. What was there said may fairly be regarded as having enlarged plain statutory words by reading into the Act of

1893 what does not appear in it. This courts may not do, and, whatever may have been said in Fearl v. Johnstown, the decree of this court is to be regarded as based upon the fact found by the court below, which was that the petitioner was in the actual possession of the property at the time he presented his petition for an issue.

Possession of the land in dispute is the condition upon which an issue may be asked for under the Act of 1893 to have title settled. Jurisdictional averment of possession must appear in the petition, and the issue is to be granted only if, upon the hearing of the rule to show cause why it should not be granted, "it shall appear to the court that the facts set forth in such petition are true." As there must be possession to give the court its purely statutory jurisdiction, it cannot acquire jurisdiction where there is a mere contest, however substantial, as to the fact of possession in the petitioner. In such a case the remedy is still trespass or ejectment under the common law. If possession by the petitioner be denied by the respondent, the court must pass upon that fact, not, however, with the conclusiveness of the verdict of a jury, but as establishing the petitioner's right to the issue, for, though the Act of 1893 makes no express provision for a determination of this preliminary question by the court, it does so by clear implication, when it declares that the issue shall be granted "if it shall appear to the court that the facts set forth in such petition are true." The meaning of this is that, before the court can award an issue, it must find to be true the facts averred in the petition, if they are disputed. Whatever may have been said in Fearl v. Johnstown which conflicts with the unmistakable meaning of the Act of 1893 must no longer be regarded or understood as changing that meaning. On the facts in that case the petitioner was entitled to an issue under the Act of 1893, and, by our decree, he was permitted to ask for it. The court below had found as a fact that Fearl was in the actual possession of the premises at the time

he presented his petition. "Courts only adjudicate issues directly raised by the facts in a case or necessary to a solution of the legal problems involved": Storch v. Lansdowne Boro., January T., 1912, No. 317, 239 Pa. 307. The question of a substantial contest as to the fact of possession was not in the case, and could not have been, for the Act of 1893 does not contemplate it. Possession, and not a contest over the fact of possession, is what the act requires if its provisions are to be invoked.

The order or decree of the Superior Court is reversed and the order of the court below, dismissing the petition for an issue, is affirmed at the costs of the petitioners.