## Murray's Petition.

*Real estate—Issue to quiet title—Possession—Act of June 10, 1893.*

Where a petition, filed under the Act of June 10, 1893, P. L. 415, to quiet title to land, avers possession in the petitioner, which averment is denied by the respondent, and upon rule issued the testimony taken discloses that possession had been alternately in petitioner and respondent, that possession was at times forcible and resulted in a fight which found its culmination in the criminal courts, and in the civil courts for damages for personal injuries, that suits for trespass were initiated, and that possession of petitioner was always challenged and contested by respondent: *Held*, that the possession set up by petitioner was not such possession as is contemplated by the act, and that the rule should be discharged.

Petition of Thomas E. Murray for rule on Perry Snyder to show cause why an issue should not be framed to settle and determine their respective rights and title in and to a strip of land. C. P. Northumberland Co., Feb. T., 1920, No. 57.

*George B. Reimensnyder, T. J. Purdy* and *W. K. Bastian*, for petitioner.

*W. H. Hackenberg*, for respondent.

LLOYD, J., Oct. 22, 1923.—This proceeding was initiated by the petitioner under the Act of June 10, 1893, P. L. 415, praying for a rule to show cause why an issue should not be framed between him and the respondent to settle and determine their respective rights and title in and to a strip of ground containing 35.4 perches, situated in Lewis Township, this county.

The petition alleges that the petitioner is the owner and in possession of the strip of ground; that the respondent, not being the owner or in possession of the said strip, denies and disputes the right or title or right of possession of the petitioner to said land. The jurisdictional facts thus appearing in the petition, the rule was awarded. The respondent filed an answer to said rule, in which he denied the ownership and possession of the plaintiff, and averred that the right and title to the possession of the land is in him, and alleged that possession of the said strip of land was forcibly, unlawfully and wrongfully taken by the said petitioner.

The parties to this controversy are owners of adjoining farms—the farm of the petitioner adjoining respondent's farm on the south. The dispute arises out of controverted contentions between the parties as to the true location of the boundary-line between their farms. The respective claims overlap each other and include a narrow strip of land of an average width of approximately six feet, which the petitioner claims is on his side of the boundary-line between his farm and that of the respondent, and which respondent just as stoutly insists is on his side of the line.

From the testimony taken upon the hearing of the rule, it appears that for a long period of years, not only was the right of possession disputed, but the fact of actual possession was persistently contested; that at times the petitioner exercised acts of ownership over the strip in question—cultivated the land and removed the crops therefrom—and at other times the respondent did likewise; that actual physical possession of the land thus alternated until suits for trespass were instituted; that the parties from that time became more positive in the assertion of their respective claims—the petitioner on one occasion plowing the ground and the respondent turning back the furrows. This latter act resulted in a fight which found its culmination in the criminal courts of this county upon charges of aggravated assault and battery, and in the civil courts for damages for personal injuries resulting therefrom, both suits being brought by the respondent against the petitioner.

It is thus apparent that while the petitioner may have obtained actual physical possession of the ground prior to and held the same until the presentation of the petition, his possession was, nevertheless, always challenged and contested by the respondent. It is upon the possession thus obtained that he seeks to maintain this rule.

We must not misconstrue the purpose of the Act of 1893. "Possession, and not a contest over the fact of possession, is what the act requires if its provisions are to be invoked:" Mildren v. Nye, 240 Pa. 72, 79.

Section 2 of said act, the part with which we are here concerned, is as follows: "When any person or persons, natural or artificial, shall be in possession of any lands or tenements in this Commonwealth, claiming to hold or own possession of the same by any right or title whatsoever, which right or title or right of possession shall be disputed or denied by any person or persons aforesaid, it shall be lawful for any such person to apply by bill or petition to the Court of Common Pleas of the county where such land is situate, setting forth the facts of such claim of title and right of possession and the denial thereof by the person or persons therein named, and thereupon the said court shall grant a rule upon such person or persons so denying such right, title or right of possession to appear at a time to be therein named and show cause why an issue shall not be framed in said court between the parties to settle and determine their respective rights and title in and to said land. Twenty days' notice of such rule shall be given. And if, upon the hearing of such rule, it shall appear to the court that the facts set forth in such petition are true, it shall be the duty of the court thereupon to frame an issue of such forms as the court shall deem proper between the respective parties to settle and determine the right and title of the respective parties to said land, and the verdict of the jury in such issue shall have the same force and effect upon the right and title and right of possession of the respective parties in and to said land as a verdict in ejectment upon an equitable title."

In Mildren v. Nye, 240 Pa. 72, the Supreme Court, in passing upon a similar question, said: "Possession of the land in dispute is the condition upon which an issue may be asked for under the Act of 1893 to have title settled. Jurisdictional averment of possession must appear in the petition, and the issue is to be granted only if, upon the hearing of the rule to show cause why it should not be granted, 'it shall appear to the court that the facts set forth in such petition are true.' As there must be possession to give the court its purely statutory jurisdiction, it cannot acquire jurisdiction where there is a mere contest, however substantial, as to the fact of possession in the petitioner. In such a case, the remedy is still trespass or ejectment under the common law. If possession by the petitioner be denied by the respondent, the court

4 D. & C.

must pass upon that fact, not, however, with the conclusiveness of the verdict of a jury, but as establishing the petitioner's right to the issue, for, though the Act of 1893 makes no express provision for a determination of this preliminary question by the court, it does so by clear implication when it declares that the issue shall be granted 'if it shall appear to the court that the facts set forth in such petition are true.' The meaning of this is that, before the court can award an issue, it must find to be true the facts averred in the petition, if they are disputed. Whatever may have been said in Fearl v. Johnstown, 216 Pa. 205, which conflicts with the unmistakable meaning of the Act of 1893, must no longer be regarded or understood as changing that meaning. On the facts in that case the petitioner was entitled to an issue under the Act of 1893, and, by our decree, he was permitted to ask for it. The court below had found as a fact that Fearl was in the actual possession of the premises at the time he presented his petition. 'Courts only adjudicate issues directly raised by the facts in a case or necessary to a solution of the legal problems involved:' Storch v. Landsdowne Borough, 239 Pa. 306. The question of a substantial contest as to the fact of possession was not in the case, and could not have been, for the Act of 1893 does not contemplate it. Possession, and not a contest over the fact of possession, is what the act requires if its provisions are to be invoked."

In view of this plain and emphatic language of the Supreme Court as to the nature and character of the possession required by said Act of 1893, we are constrained to hold that the possession set up by the petitioner is not such possession as is contemplated by the said act, and cannot, therefore, find that the "facts set forth in the petition are true," and for that reason the said rule must be discharged.

The procedure of the petitioner, under the facts as developed upon this hearing, should he desire to further proceed, is indicated in the above excerpt from Mildren v. Nye.

And now, to wit, Oct. 22, 1923, the rule is hereby discharged, an exception is noted and a bill sealed for the petitioner.

                                        From C. K. Morganroth, Shamokin, Pa.