## Keith's Petition. No. 1.

*Francis H. S. Ede*, for petitioner; *Smith & Paff*, for respondent.

STEWART, P. J., April 9, 1928.—This is a petition for a rule upon respondent to bring an action of ejectment within six months. It is presumably under the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212. It is sometimes difficult to determine without a specific reference in the petition whether the above act governs or the Acts of June 10, 1893, P. L. 415, or April 18, 1905, P. L. 202. A study of the cases shows that courts sometimes have confused these acts. In Fearl *v.* Johnstown, 216 Pa. 205; the syllabus is: "Where the title to real estate is in dispute, but the fact of possession is clear, the remedy is for the person in possession to rule the person out of possession to bring an ejectment, as provided by the Act of March 8, 1889, P. L. 10; but where both the title to the land and the fact of possession are in dispute, the remedy is a rule for an issue to be framed by the court as provided by the Act of June 10, 1893, P. L. 415." In Hemphill *v.* Ralston et al., 278 Pa. 432, the matter is further amplified. The syllabus is as follows: "In proceedings to bring ejectment under the Act of April 16, 1903, P. L. 212, or under the Act of June 10, 1893, P. L. 416, for an issue to quiet title, the proceedings must be instituted by the party in possession, and this finding of fact is jurisdictional and must appear on the record. In neither proceeding is the question of title to be settled in disposing of the rule. If the record does not show which of the parties was in possession, the proceedings will be dismissed. Where the record shows an application for a rule to bring ejectment under the Act of April 16, 1903, P. L. 212, a decree awarding an issue in express terms under the Act of June 10, 1893, P. L. 415, is fatally defective. In such case, the order entered must conform to the case as made out by the pleading, and be consistent with the relief prayed for. It seems that an

amendment might be allowed in such case to bring the petition and its prayer within the scope of the statute under which assistance is actually sought." In that case, Mr. Justice Sadler refers to Mildren v. Nye, 240 Pa. 72, as having been brought under the Act of 1903, supra. On referring to that case, Mr. Justice Brown said the petition in this case was filed under the Act of 1893. He, however, said at the commencement of the opinion as follows: "The Act of March 8, 1889, P. L. 10, amended by the Act of April 16, 1903, P. L. 212, is for the settling of titles to real estate, and the Act of June 10, 1893, P. L. 415, provides 'for the quieting of titles to land.' Each act is for the same purpose, and, though the methods of procedure under the one differ from those under the other, the provisions of neither can be invoked by any one who is not in possession of the land." The syllabus of that case is: "Where a petition filed under the Act of June 10, 1893, P. L. 415, to quiet title to land, avers possession in the petitioners, and such averment is denied by the respondents, and upon a rule to show cause why an issue should not be awarded testimony is taken and the court finds as a fact that the petitioners' jurisdictional averment of possession has not been sustained, and that the respondents were in the actual physical possession of the property at the time the petition was filed, an issue is properly refused by the Court of Common Pleas. Fearl v. Johnstown, 216 Pa. 205, considered and distinguished. Possession in the petitioner is necessary to give the court its purely statutory jurisdiction, and such jurisdiction cannot be acquired where there is only a contest as to the fact of possession, and there is not actual possesssion in petitioner. In such case, the remedy is still trespass or ejectment under the common law. If possession by the petitioner be denied by the respondent, the court must pass upon that fact, not, however, with the conclusiveness of the verdict of a jury, but as establishing the petitioner's right to the issue, for, though the Act of 1893 makes no express provision for a determination of this preliminary question by the court, it does so by clear implication, when it declares that the issue shall be granted 'if it shall appear to the court that the facts set forth in such petition are true.' The meaning of this is that, before the court can award an issue, it must find to be true the facts averred in the petition, if they are disputed." However, assuming that it is under the Act of 1903, this case is not ripe for a decision. There is a petition, an answer, no replication and no testimony. While there is nothing in section 1 of the Act of 1889 that provides for the taking of testimony, yet it is plainly implied that the jurisdictional facts be made to appear before the issue is granted.

The Act of 1893, in its terms, does provide for a hearing in the second section. Under that act, in Titus v. Bindley, 210 Pa. 121, it was held: "On a petition under the Act of June 10, 1893, P. L. 415, entitled 'An act to provide for the quieting of titles to land,' the court cannot summarily determine the title to the property on the application for the issue, whether the dispute is over facts or the law arising upon the construction of a written instrument. Whenever the adverse claimant relies upon possession, actual or constructive, to oust the jurisdiction of the court under the act, he must establish it without requiring the court on the application for the issue to first adjudge and sustain the validity of his title. Where the petitioner sufficiently avers the petitioner's claim of title and right of possession and the respondent's denial thereof, and the parol testimony shows that the petitioner and those under whom he claimed title had exclusive possession of the land for many years, the court should grant the issue prayed for by the petition." In Putt et al. v. Africa, 232 Pa. 182, the syllabus is: "A petition for an issue to quiet title filed under the provisions of the Act of June 10, 1893, P. L. 415, must be

532

dismissed where, upon a hearing, it appears from the evidence of the petitioners that one of the necessary jurisdictional averments in the petition is not true." See, also, Earhart v. Marshall, 233 Pa. 365; Bell's Petition, 259 Pa. 495; Notley's Petition, 263 Pa. 377, and Laidley v. Rowe, 275 Pa. 389, the syllabus of which is: "In a proceeding under the Act of June 10, 1893, P. L. 415, for an issue to determine the title or right of possession of real estate, in the absence of an adverse occupancy, a *prima facie* legal title in petitioner draws to it such possession as will warrant the awarding of an issue." An examination of above authorities and others which we have not cited satisfies us, therefore, that a replication should be filed, and a day must be fixed for a hearing before we can determine whether the rule shall be made absolute or not. The only order that we can make is the following:

And now, April 9, 1928, leave is granted petitioners to file a replication, and April 23rd is fixed for a hearing.

From Henry D. Maxwell, Easton, Pa.