## Pytle et al. v. Zyvith

*Vincent R. Smith*, for plaintiffs.

*Robert M. Carson*, for defendants.

FETTERHOOF, P. J., twentieth judicial district, specially presiding, June 30, 1944.—Petitioners on April 13, 1943, obtained a rule upon Anna Marie Zyvith to show cause why she should not be required to bring her action in ejectment for certain lands, described in their petition, situate in Hempfield Township, this county. This proceeding is brought under the Act of April 16, 1903, P. L. 212, 12 PS §1543, and petitioners claim they are owners of the easterly half of lot 84 in the Keystone Coal & Coke Company's Bovard Plan of Lots and "are in exclusive, open and notorious possession of same under a claim of title".

Respondent, on May 21, 1943, filed an answer to the rule denying petitioners' allegation of ownership, and averred that said land is not and never was separated in halves, that Alex Pytle has never been, nor is not now in exclusive, open and notorious possession of the property, but has been and is now in the United States Army. It is also denied that Anna Pytle is in

exclusive, open, and notorious possession of the property, and certain facts are averred, among which is that her occupancy is merely that of an intruder or squatter without any color or claim of title whatever. Respondent sets forth her present title by deed duly recorded, and avers she has a complete chain of title to the property.

After argument upon the petition and the answer, which asked for a dismissal of the rule, this court, by Keenan, J., by order made December 15, 1943, overruled the motion with an order directing respondent to bring her action in six months. To this decree respondent, on December 27, 1943, filed exceptions and the matter came before the court in banc for argument.

This matter having been heard upon petition and answer, the parties hereto are bound by the generally-recognized rule that the averments set forth in the answer must be taken as true so far as responsive to the petition: M. A. Long Co. v. Keystone Portland Cement Co., 302 Pa. 308; Harr, Secretary of Banking, et al. v. Bernheimer et al., 322 Pa. 412; Pa. R. C. P. 209, as to duty of petitioner to proceed after answer filed.

This proceeding is predicated upon the fact that petitioners are in possession. Respondent emphatically denies that Alex Pytle is in possession, and we must take that as a verity. The petition does not state what, if any, interest Anna Pytle has in the property or how she obtained possession, and respondent shows a record title and alleges Anna Pytle is "an intruder or squatter in the dwelling house without any color or claim of title".

The court in Welsh's Petition, 13 Dist. R. 498, 29 Pa. C. C. 161, which was a rule to bring action of ejectment, as in the instant case, wherein an answer was filed to the petition, and testimony taken, stated:

"To be entitled to the privileges of the act the party claiming them must be in possession under a claim of title. A mere intruder or squatter upon land without any color or claim of title is not, in my judgment, en-

titled to the benefits of the act. The possession that will give a party a right to the benefits of the act must be an actual possession under a claim of title, not the possession of a mere intruder who enters without color or claim of title."

Mere physical possession of premises without color of title is not sufficient to award an issue: Riegel's Petition, 33 Lanc. 238, 26 Dist. R. 63.

Anna Pytle alone swears to the petition which alleges that she and Alex Pytle are in possession, and are so by reason of a claim of title. As the record now stands before us, Alex Pytle is not in possession and surely the alleged co-owner and co-possessor must produce something more substantial to enlighten the court as to whether or not she can invoke the act in question. If petitioners were not satisfied with defendant's answer, or there were certain allegations which needed explanation, then testimony should have been taken to enlighten the court. This is the generally-recognized practice. See Mildren v. Nye, 240 Pa. 72; Foster's Petition, 243 Pa. 92.

In paragraph 12 of the answer, respondent asserts certain facts which should certainly be cleared up by testimony, and, in the absence of any explanation, we must take these facts to be true, namely, that there is no allegation in the petition to the effect that petitioners rely on a record title and petitioners rely upon a "parol promise by the holder of legal title tending to establish a resulting trust" in their favor. The possession of the property and the character of the possession have not been established, and therefore as in Joyce's Petition, 26 Dist. R. 1122, the rule should be discharged.

There were other questions raised in the answer which, however, we do not deem of such importance as to require consideration for the determination of this matter.

After a very careful consideration of this matter, we are satisfied that the exceptions filed to the order

of Judge Keenan should be sustained and the rule discharged.

*Decree of court*

And now, June 30, 1944, the exceptions filed to the order and judgment of Judge Keenan, filed September 27, 1943, are sustained, and the rule directed to Anna Marie Zyvith to bring an action of ejectment is discharged at the cost of petitioners.