# Egan, Appellant, v. Claysville Borough, et al.

*Municipalities—Ordinances—Increase of indebtedness—Expression of desire—Submission to voters.*

It is not necessary for a borough council to express its desire to increase the indebtedness of the borough by a separate ordinance, as preliminary to submitting the question to a vote of the electors. The expression of desire may be included in the same ordinance by which the submission to the electors is provided.

Hoffman v. Pittsburgh, 229 Pa. 36; Bullitt v. Philadelphia, 230 Pa. 544, differentiated.

Argued Oct. 17, 1912. Appeal, No. 220, Oct. T., 1912, by plaintiff, from decree of C. P. Washington Co., No. 2114, In Equity, dismissing bill in equity in case of F. J. Egan, a resident, qualified elector and taxpayer of the defendant borough, v. "The Chief Burgess, Assistant Burgess, and Town Council of the Borough of Claysville," alias, "Borough of Claysville, in the County of Washington and State of Pennsylvania," a municipal corporation of the County of Washington, Pennsylvania, C. S. Miller, Chief Burgess, and D. M. Campsey, W. E. Milliken, James Marshall, J. L. Blayney, Harry Miller, William Edgar and Ben Hilton. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

260 EGAN, Appellant, *v.* CLAYSVILLE BORO:, et al.

Taxpayer's bill to restrain borough authorities from issuing bonds.  Before McILVAINE, P. J.

The facts of the case are stated in the opinion of the Supreme Court.  The court made a decree dismissing the bill.  Plaintiff appealed.

*Error assigned* was the decree of the court dismissing the bill.

*Irwin Cummins*, for appellant.—The expression of desire must be in a separate ordinance:  Hoyt v. East Saginaw, et al., 19 Mich. 39; Hoffman v. Pittsburgh, 229 Pa. 36; Act of April 20, 1874, P. L. 65; Act of May 1, 1909, P. L. 317; Bullitt v. Philadelphia, 230 Pa. 544.

*B. B. Barr,* with him *Albert S. Sprowls,* for appellees.

OPINION BY MR. JUSTICE ELKIN, February 3, 1913:

The town council of the Borough of Claysville by ordinance took the necessary steps to provide for the submission of the question of increasing the municipal indebtedness to a vote of the electors.  The election was held in accordance with the provisions of law and the increase was authorized.  Appellant, a resident taxpayer, seeks to enjoin the borough authorities from issuing and selling bonds authorized to be issued by council in accordance with the wish of the people as expressed at the election held for the purpose of voting on the increase of indebtedness.  The position of appellant is technical, and upon the merits of the case not convincing, but if it is the law, he has the right to assert it and the courts cannot disregard it.  His main contention is that the borough council did not by separate ordinance express a desire to increase the indebtedness.  It is urged that the duty of the council to express this desire by a separate ordinance was ruled by Hoffman v. Pittsburgh, 229 Pa. 36, and Bullitt v. Philadelphia, 230 Pa. 544.  The learned president judge of the court below

after giving these cases careful consideration reached the conclusion that the facts of the present case differentiated it in principle from the cases cited and relied on. The court below, among other things, said, "but the council had to not only express its desire to increase the indebtedness but had to fix the time for holding the election and give the requisite notice. They could do this by passing two separate ordinances, first one expressing their desire to increase the indebtedness and the other proclaiming an election and fixing the time therefor, at which the people might express their desire on the matter. Or, if they so wished, there certainly is no prohibition of law against their including both of these matters in one ordinance, including the first in section one, and the second in section two, so that each would be separate and distinct." This, in our opinion, is a correct statement of the law and what was said in the above cited cases when understood as applicable to the facts is not inconsistent with this view. In the cases relied on by appellant the municipal authorities had entirely failed to express any desire on the question of increasing the indebtedness and this was the controlling thought in the mind of this court in passing upon the validity of the bond issues then pending. In the present case the borough council did express a desire to increase the indebtedness; this desire was expressed in a separate and independent section of the ordinance; and this expression of desire represented the independent action of council. The mere fact that in a subsequent clause of the ordinance provision is made for an election, does not make the expression of desire any less the separate and independent action of council. What was done in the present case was a reasonable compliance with the requirements of the statute and was not in disregard of any provision of law.

On all the other questions raised by this appeal nothing of value can be added to what was said by the learned court below in the opinion dismissing the bill.

We concur in the views therein expressed and are of opinion that the bill was properly dismissed.

Decree affirmed at the cost of appellant.