## Storch v. Lansdowne Borough, Appellant.

*Municipalities—Increases of indebtedness—Submission to electors—Expression of desire—Ordinances.*

1. Where a borough council desires to submit to a vote of the electors of the borough the question as to whether there shall be an increase of the borough indebtedness, it must signify its desire for such increase, but such expression of desire may be contained in the same ordinance that provides for the submission to the

electors. Hoffman v. Pittsburgh, 229 Pa. 36, and Bullitt v. Philadelphia, 230 Pa. 544, distinguished.

2. In such a case the title of the ordinance, describing it as "An ordinance for the increase of the indebtedness of the borough...... in the sum of $75,000.00, and further providing for a special election to authorize the same," is not misleading and is sufficiently full and specific.

MR. JUSTICE BROWN dissents.

Argued Jan. 7, 1913. Appeal, No. 387, Jan. T., 1912, by defendant, from decree of C. P. Delaware Co., Sept. T., 1912, No. 37, in equity, granting an injunction in case of George N. Storch v. Borough of Lansdowne. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Taxpayer's bill in equity to restrain the increase of bonded indebtedness of the Borough of Lansdowne. Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

The court awarded an injunction restraining the increase of indebtedness as prayed for. Defendant appealed.

*Error assigned* was the decree of the court awarding the injunction.

*Fred Taylor Pusey,* for appellant.

*Chas. C. Townsend,* of *Townsend, Elliott & Townsend,* with him *A. Culver Boyd,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 24, 1913:

These proceedings were instituted to test the legality of a bond issue authorized by a majority vote of the electors of a borough. The borough in question passed an ordinance entitled "An ordinance for the increase of

the indebtedness of the Borough of Lansdowne in the sum of $75,000.00, for the purpose of......and further providing for a special election to authorize the same." The first section expressed in proper language the desire of the corporate authorities that the indebtedness should be increased, and the second provided "That a special election shall be held......for the purpose of submitting to the electors the question of whether or not the indebtedness shall be increased......," and for due legal notice of the election. The court below adjudged the ordinance invalid and enjoined the loan, upon the ground that the increase of indebtedness was illegal because the corporate authorities had "signified their desire that the debt should be increased and provided for an election to obtain the assent of the electors thereto in one and the same ordinance"; citing as authority Hoffman v. Pittsburgh, 229 Pa. 36, and Bullitt v. Philadelphia, 230 Pa. 544. Courts only adjudicate issues directly raised by the facts in a case or necessary to a solution of the legal problems involved. In neither of the foregoing cases were the facts like those at bar; as correctly stated in the opinion of the learned court below: "In the Pittsburgh case the ordinance merely submitted the question to a vote of the people, without first signifying the desire of the city to increase the indebtedness. In the Philadelphia case, the councils passed an ordinance authorizing the loan and the submission of the question to the electors, without first signifying the desire of the authorities to increase the debt. In both cases the court held the loan invalid because of the failure to signify by ordinance the desire of the municipal authorities to increase the loan." In other words, the facts of the cases cited and relied upon by the court below did not directly or indirectly raise the question involved in this appeal, viz, when the desire to increase a municipal indebtedness is properly expressed in an ordinance duly passed, does the ordinance become invalid if in a separate section it provides for an election to pass upon the loan and

for notice thereof.  But in the recent case of Egan v.
Claysville Boro., 239 Pa. 259, the exact question at bar
was determined as contended for by the present appel-
lant, our brother ELKIN on a like state of facts saying,
"The borough councils did express a desire to increase
the indebtedness; this desire was expressed in a separate
and independent section of the ordinance; and this ex-
pression of desire represented the independent action of
councils.  The mere fact that in a subsequent clause of
the ordinance provision is made for an election, does not
make the expression of desire any less the separate and
independent action of councils.  What was done in the
present case was a reasonable compliance with the re-
quirements of the statute and was not in disregard of
any provision of law."

We need only add that we see no merit in the conten-
tion that the title to the ordinance under consideration
is defective; it is not misleading and it is sufficiently full
and specific reasonably to lead to an inquiry into the
body of the ordinance; which is all that is necessary.  In
our opinion the borough authorities have complied with
all the requirements of the law.  The assignments of
error are sustained, the decree of the court below is re-
versed, and the bill is dismissed at the cost of the ap-
pellee.


DISSENTING OPINION BY MR. JUSTICE BROWN, Febru-
ary 24, 1913:

I did not sit when Egan v. Claysville Boro., 239 Pa.
259, was argued, nor was I present when the case was
disposed of in the consultation room.  I could not, there-
fore, with propriety, note my dissent from the decree of
the majority of the court.  In the present case, in which
I did sit, it seems to me that the records of this court
call for my dissent, and I cannot, therefore, withhold it.

Less than three years ago, in construing the Act of
April 20, 1874, P. L. 65, and the amendments to it, this
court held, without dissent from any member, that a

"desire" for the increase of municipal indebtedness must be by separate and independent councilmanic action: Hoffman v. Pittsburgh, 229 Pa. 36. Within a year from the time we so held in that case, it was declared, in unambiguous words, with no member of the court dissenting, that the rule as laid down in Hoffman v. Pittsburgh would "not be pared down," and that the expression of desire for an increase of municipal indebtedness must be "by a separate and independent ordinance or vote": Bullitt v. Philadelphia, 230 Pa. 544. This deliberate deliverance of the court is now brushed aside with the comment, "Courts only adjudicate issues directly raised by the facts in a case or necessary to a solution of the legal problems involved."

What was a legal question or problem involved in Bullitt v. Philadelphia? I quote from the opinion of the learned and most competent president judge of the court below: "The last point to be considered is that relating to the alleged failure of councils, by a proper ordinance or vote, such as is required by the statute, to signify their desire to make an increase in the indebtedness of the city. The statute plainly requires such an act on the part of councils before the question of increase can legally be submitted to the vote of electors. In the present case no separate or previous ordinance was passed or vote adopted signifying the desire of councils on the subject." It was held by the learned judge that, as the expression of desire for the increase of the city's indebtedness had not been by a separate and independent action of councils, the proposed increase would be void. Exception to this legal conclusion was passed upon by the court below in banc and overruled. On appeal from the decree enjoining the city, the statement of questions involved included the following: "Must councils pass two ordinances, the first expressing 'the desire' for an increase of indebtedness, and the second submitting the question of increase to the electors; or, is it sufficient if the desire to increase the debt and the directions for

holding the election appear in separate sections of the same ordinance?"; and the third assignment of error complained of the ruling of the court below that there must be a separate and independent vote or ordinance expressive of the desire for the increase. In view of this record, I am utterly unable to follow my esteemed colleagues in holding that whether an expression of desire for the increase of municipal indebtedness must be by separate and independent vote or ordinance, was not a question or a "legal problem" before us in Bullitt v. Philadelphia. Very learned counsel for the city, in pressing its appeal and urging that the third assignment of error be sustained, insisted that we did not intend to say in Hoffman v. Pittsburgh that "separate and independent action" meant a separate and independent vote or ordinance, but that city councils can express a desire for the increase in the same ordinance in which that question is submitted to the electors. In passing upon that question, thus clearly and distinctly brought before us by the third assignment of error, we said, after quoting from the opinion of COOLEY, C. J., in Hoyt v. East Saginaw, 19 Mich. 39, where the same question was raised: "The rule as laid down in Hoffman v. Pittsburgh, 229 Pa. 36, that the expression of desire by councils is to be by a separate and independent ordinance or vote, will not be pared down, and the disregard of this statutory requirement by the councils of the City of Philadelphia called, without more, for the injunction issued by the court below."

Stare decisis is still the bed rock of the law. Without it the judgments and decrees of courts, instead of being "as steadfast as the hills, will become as unstable as the waves." These words, uttered more than a half century ago, by a very distinguished member of this court, come back to all judges with a peculiar significance at this particular time. I would affirm the decree of the court below.