# Beaver et al. v. Hile et al., Spring Township School Directors.

*J. K. Johnston, S. D. Gettig, N. B. Spangler* and *Ivan Walker*, for plaintiff. *John G. Love, Ellis L. Orvis, W. D. Zerby* and *A. C. Dale*, for defendants.

FLEMING, P. J., Aug. 8, 1928.—This is a bill in equity to restrain the School District of Spring Township from increasing its indebtedness for the purpose of erecting and equipping a school building, pursuant to proceedings had, the validity of which proceedings has been questioned.

Our immediate predecessor filed an opinion and decree on June 20, 1927, and upon appeal, the Supreme Court has remitted the record for compliance with the Equity Rules. In order that strict compliance may be had, we shall consider the matter as though the same were originally heard before us, framing our decree as is required by Rule 67, as amended, entering such decree as a decree *nisi*, and according the parties further entering a final decree. We come to this determination from a firm opinion that there is not a complete

adjudication until findings of fact and conclusions of law are stated in the manner prescribed by the Equity Rules. The opinion and decree of our immediate predecessor being lacking in specific findings of fact and conclusions of law could not be well treated as a decree *nisi*, as the appellate court to properly dispose of the matter on appeal would be required in a large measure, if not entirely, to assume original jurisdiction of this matter, which it is always prone to do. Having ourselves found facts and entered conclusions of law, it is but proper that the parties should be afforded an opportunity for exceptions as the rules provide. We have, therefore, formally disregarded the exceptions filed, following *remittitur* by the Supreme Court, and have considered the matter *de novo* in order that the record might be perfected for appeal. No specific requests for findings of fact by the parties are before us for disposition. We proceed, therefore, as directed by Rule 67, as amended.

## I. Statement of pleadings and issues raised thereby.

1. On Aug. 11, 1926, plaintiffs filed their bill in equity, praying for a preliminary injunction. An injunction affidavit was filed and decree granting preliminary injunction was entered by the late Judge Keller, who fixed Aug. 18, 1926, at 10 o'clock A. M., as the time for hearing thereon. Plaintiff entered security which was approved by the court.

2. Aug. 18, 1926, a motion was made by plaintiffs to amend the bill filed. Testimony was taken before the late Judge Keller and injunction was continued until final hearing.

3. On Sept. 25, 1926, amendment to bill was filed and defendants directed to file answer on or before Oct. 16, 1926.

4. On Oct. 16, 1926, answer raising preliminary objections to bill was filed.

5. On Jan, 27, 1927, an answer was filed to the merits of the original bill.

6. The issue raised by the pleadings is a determination of the validity of the proceedings had by the School District of the Township of Spring for the increase of its indebtedness for the purposes specified.

## II. Findings of fact.

1. The plaintiffs are citizens and taxpayers of the Township of Spring, County of Centre and State of Pennsylvania.

2. The School District of the Township of Spring is a school district of the fourth class.

3. The defendants were at the time of the filing of the bill in equity in this case the regularly elected, qualified and acting school directors of the School District of the Township of Spring.

4. The inception of the proceeding to increase the indebtedness of the School District of the Township of Spring was the passage of a resolution on Aug. 8, 1925.

5. That said resolution was as follows:

*Resolved*, That the indebtedness of the School District of Spring Township be made the sum of Sixty-four Thousand and Four Hundred Dollars ($64,400.00), for the erection and equipment of a suitable school building, that the same be submitted to the voters of the Township at the November election 1925, that the Secretary prepare the required statement to be included in the advertisement to be given prior to said election, and take all necessary steps to bring about the said indebtedness.

6. That Swartz, Hile, Weaver and Barnhart voted in the affirmative and no negative votes were cast.

7. That the meeting held on Aug. 8, 1925, at which the above resolution was passed was a special meeting.

8. That no notice specifying the purpose of such special meeting was given to the members of the board of school directors.

9. That the following notice of an election to be held to obtain the assent of the electors to such increase of indebtedness was published in the manner prescribed by law, to wit:

ELECTION NOTICE.

Notice is hereby given that pursuant to a resolution of the School Directors of Spring Township, an election will be held in the said Township at the regular polling places therein for the holding of general and municipal elections on Tuesday, the 3rd day of November, A. D. 1925, between the hours of 7:00 A. M. and 7:00 P. M. for the purpose of obtaining the assent of the electors to an increase of the indebtedness of the said Township by the sum of $64,000.00. The amount of the last assessed valuation of taxable property in said Township for County purposes for the year 1925 is $920,444.00.

The existing debt of the said Spring Township is none. The amount of the proposed increase of indebtedness is $64,000.00 and the percentage is .06996 of said last assessed valuation.

The purpose for which the indebtedness is to be increased is the erecting and equipping of a suitable and adequate school building for Spring Township.

SCHOOL BOARD OF SPRING TOWNSHIP

JOHN H. BARNHART, Secretary.

10. That, pursuant to such notice, an election was held at the regular polling-places in Spring Township on Nov. 3, 1925.

11. That at the election held Nov. 3, 1925, the majority of the votes cast were in favor of the proposed increase of indebtedness.

12. That the assessed valuation of all real estate in Spring Township for the year 1925 was $860,569.

13. That real estate exempt from taxation for the year 1925 was $42,400.

14. That the valuation of the occupation of the several citizens of Spring Township for the year 1925 was $58,965.

15. That the valuation of horses in Spring Township for the year 1925 was $19,790.

16. That the valuation of cattle in Spring Township for the year 1925 was $23,520.

17. That the existing indebtedness of the School District of Spring Township in the year 1925 was nothing.

### III. Discussion.

From our findings there are two distinct questions to be answered in order to determine the validity of this bond issue and the rights of the parties in this suit. The first is, "Is the resolution set forth in findings of fact No. 5 legally sufficient?" The second is, "Is the amount by which the debt is sought to be increased in excess of the limit by which such indebtedness can be increased with the assent of the electors?" Should we be required to answer either of these questions in the negative, then the proceedings would fail and the injunction be required to be made perpetual.

The school district chose to commence by the passage of the resolution of Aug. 8, 1925 (findings of fact No. 5). In this resolution they saw fit to include all of the several steps required to be done, to wit, the statement of the proposed increase of indebtedness, the purpose thereof, the submission of the matter to the electors, the filing of the required financial statement, and "all necessary steps to bring about the required indebtedness." It would have undoubtedly been the better practice to separate these, but for the present we must consider the legal sufficiency of the resolution as it appears on the minutes of the school district. The validating Act of March 29, 1927,

P. L. 68, does not act to relieve any defect which might exist in this proceeding, as it is specifically provided that the act shall not apply where the matter "has been made the subject of litigation in any court of the Commonwealth prior to the approval of this act." This is likewise true of the validating Act of April 7, 1927, P. L. 167.

We do not consider that the fact that the resolution was passed at a special meeting for which no formal call and specific notice were given, should affect the validity of the same. Four of the five directors were present and all voted in support of the resolution. The one absentee has not raised his voice to complain that had he been present he would have voted otherwise than did his fellow-directors who were present.

The Act of April 20, 1874, P. L. 65, and its several amendments, require as a prerequisite to the increase of municipal indebtedness that the enacting power thereof, "by their ordinance or vote, shall have signified a desire to make such increase of indebtedness." Did the resolution now under consideration express such a desire? Is it necessary that such a desire be expressed in a separate ordinance or resolution, or can such be blended with other matters, as was done in this case? We shall consider the questions in a reverse order.

Our appellate authorities appear to be four in number. In the first two it is held that the action expressing desire must be a separate procedure. The last two appear to hold directly opposite. Let us briefly consider these and endeavor to ascertain the present rule and apply it in the instant case.

In Hoffman v. Pittsburgh, 229 Pa. 36, the Supreme Court said: "In view of this . . . clear statutory provision, . . . the first step to be taken by a municipality in undertaking to increase its indebtedness is action by its corporate authorities, by ordinance or vote, expressive of their desire that the increase shall be made. Before such an election can be authorized by the municipal authorities, they must first act by giving expression, by 'ordinance or vote,' of their desire for the increase. That must have been expressed by a separate and independent action." In this case the Supreme Court further says: "From one end of this ordinance to the other there is to be found no expression of the wish or desire of councils as to the proposed increase. Purposely or otherwise, they avoid the responsibility placed upon them by law." In the instant case, this cannot be said of the School Directors of Spring Township, as they bluntly resolved at the beginning of the resolution in question "That the indebtedness be made . . . the sum of Sixty-four thousand four hundred Dollars."

In Bullitt v. Philadelphia, 230 Pa. 544, the Council of the City of Philadelphia "neither by ordinance nor vote . . . express their desire that the indebtedness of the City be increased. What they did was to ordain 'that the debt of the said city shall be increased in the sum of eight million ($8,000,000) Dollars,' and in the same ordinance proceeded to direct that an election should be held." · The Supreme Court, relying strongly on Hoffman v. Pittsburgh, supra, held that council's enactment was but a "dead letter," and that "the rule as laid down in Hoffman v. Pittsburgh, 229 Pa. 36, that the expression of desire by councils is to be by a separate and independent ordinance or vote will not be pared down, and the disregard of the statutory requirement by the Councils of the City of Philadelphia called, without more, for the injunction issued by the court below."

In Egan v. Claysville Borough, 239 Pa. 259, it was held that it was not necessary for a borough council to express its desire to increase the indebtedness of the borough by a separate ordinance as preliminary to submitting

the question to a vote of the electors, and that the expression of desire may be included in the same ordinance by which the submission to the electors is provided. The Supreme Court differentiated this case from Hoffman v. Pittsburgh, *supra*, and Bullitt v. Philadelphia, *supra*, by saying: "*In the cases relied on by appellant the municipal authorities had entirely failed to express any desire* on the question of increasing the indebtedness, and this was the controlling thought in the mind of this court in passing upon the validity of the bond issues then pending. In the present case the borough council did express a desire to increase the indebtedlness; this desire was expressed in a separate and independent section of the ordinance. . . . What was done in the present case was a reasonable compliance with the requirements of the statute and was not in disregard of any provision of law."

Again, in Storch v. Lansdowne Borough, 239 Pa. 306, where a vigorous dissenting opinion by Mr. Justice Brown is registered, we find the Supreme Court following the rule of Egan v. Claysville Borough, *supra*, and differentiating Hoffman v. Pittsburgh, *supra*, and Bullitt v. Philadelphia, *supra*, by saying: "Courts only adjudicate issues directly raised by the facts in a case or necessary to a solution of the legal problems involved. *In neither of the foregoing cases were the facts like those at bar.*"

By elimination and inference, therefore, the Supreme Court having held that in Bullitt v. Philadelphia, *supra*, wherein the council had ordained "that the debt of said city shall be increased in the sum of eight million ($8,000,000) dollars," such council "had entirely failed to express any desire on the question of increasing indebtedness," therefore and pursuant to such decision, we are compelled to hold that when the School Board of the School District of Spring Township ordained "that the indebtedness of the School District of Spring Township be made the sum of sixty-four thousand four hundred dollars ($64,400)," they also "entirely failed to express any desire on the question of increasing indebtedness." Having thus failed in the primary step required, we are compelled to give a negative reply to the question, "Is the resolution set forth in findings of fact legally sufficient?" We need not consider the remaining question. We, therefore, come to the following

### IV. Conclusions of law.

1. That the School Board of the School District of Spring Township has not by their ordinance or vote signified a desire to make an increase of indebtedness.

2. That the proceedings had for the purpose of obtaining the assent of the electors to an increase of the indebtedness of the School District of Spring Township are invalid and of no effect.

3. That the indebtedness of the School District of the Township of Spring cannot legally be increased without further submitting the question of increase to the voters.

4. That the School District of Spring Township be restrained from acting pursuant to proceedings had.

### Decree nisi.

And now, Aug. 8, 1928, upon consideration of the foregoing case, it is ordered, adjudged and decreed that the proceedings heretofore had for the increase of the indebtedness of the School District of the Township of Spring are invalid and of no effect, and that the injunction heretofore issued against the defendants be and is hereby made perpetual, and such defendants are enjoined from issuing any bonds in pursuance of such proceedings or from

88

increasing the indebtedness in any manner pursuant thereto. The prothonotary is directed to give notice to the parties or their counsel of record of the entry of this decree *nisi*, and unless exceptions are filed within ten days, this decree shall be entered as the final decree by the prothonotary as of course. Costs to be paid by the School District of Spring Township.