# Bell's Petition.

*Real property—Ejectment—Rule to bring ejectment—Party in possession—Jurisdictional facts—Evidence—Title—Will — Possession—Payment of rent—Act of June 10, 1893, P. L. 415.*

1. A proceeding under the Act of June 10, 1893, P. L. 415, by a party in possession of land to have an issue framed to determine title as against other claimants must comply with the provisions of the statute before a rule will be granted or an issue allowed. The

jurisdictional facts required by the act must be averred in the petition, and relief will be granted if "it shall appear to the court that the facts set forth in the petition are true."

2. Prior to the Act of 1893 conferring jurisdiction at law, a suitor was required to seek relief by a bill quia timet filed on the equity side of the court and thereby invoke the aid of a chancellor to remove a cloud resting upon his title to the land. A party may now avail himself of either the legal or equitable remedy.

3. In proceedings under the Act of June 10, 1893, P. L. 415, for the framing of an issue between the petitioner and the respondents to settle their respective rights in and to a two-acre lot of ground, where it appeared that petitioner occupied a house on a part of the premises and where there was nothing to show that there had been any division of the lot or that any other person was in adverse possession of the rest of the lot, the petitioner had such possession as to entitle her to invoke the aid of the act for the ascertainment of her rights.

4. In such case it was error to admit in evidence a will purporting to devise a part of the land to respondents, as the question for determination was not whether respondents had title to the premises, but whether petitioner had possession thereof, with disputed claim of title, and the fact that petitioner had offered some evidence of her title did not warrant respondents in offering evidence of their title.

5. The fact that the tenants occupying another house on the lot had paid rent to one of the respondents, was not admissible in evidence for the purpose of showing actual adverse possession in her, as she must first establish that the rent was properly payable to her as owner of the part of the lots claimed by her, and this could only be done by showing that she had title to the premises, evidence of which was not admissible.

Argued Sept. 26, 1917. Appeal, No. 128, Oct. T., 1917, by petitioner, from order of C. P. Venango Co., Aug. T., 1916, No. 55, dismissing petition for rule to show cause why an issue in ejectment should not be framed, in re Petition of Mazie E. Bell, for rule on Margaret Rollo, Widow, and John M. Sykes and Robert F. Glenn, Executors of Charles A. Rollo, deceased, to show cause why an issue should not be framed in ejectment. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Petition for rule to show cause why an issue in eject-

ment should not be framed to determine title to land. Before CRISWELL, J.

.The opinion of the Supreme Court states the facts.

The court dismissed the petition. Petitioner appealed.

*Errors assigned* were rulings on evidence and in dismissing the petition.

*Quincy D. Hastings,* for appellant.—The petitioner was in possession of the real estate, and was therefore entitled to the issue, and the validity or invalidity of the respondent's alleged title was not material: Titus v. Bindley, 210 Pa. 121; Mildren v. Nye, 240 Pa. 78.

*John L. Nesbit,* with him *Robert F. Glenn,* for appellees.—Petitioner was not in actual possession of the land in dispute.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1918:

This is the petition of Mazie E. Bell under the Act of June 10, 1893, P. L. 415, praying for a rule to show cause why an issue shall not be framed between the petitioner and the respondents to settle and determine their respective rights and title in and to a lot of ground containing about two acres in the third ward of the City of Franklin, Venango County, Pennsylvania.

The petition alleges that the petitioner is the child and heir by adoption of Ella K. Rollo, deceased, who died intestate in 1905 leaving a husband, Charles A. Rollo, and no children besides the petitioner; that Charles A. Rollo died May 20, 1916; that Ella K. Rollo at the time of her death was in possession as owner of and had title in fee to said lot of ground; that petitioner and Ella K. Rollo had been in possession of said land since 1878 and petitioner has the legal title by operation of the law of descents and adoption, and has had the right of possession since the death of Charles A. Rollo, who was life

tenant by the curtesy, and since his death petitioner has been in possession of the land; and that the respondents, Margaret Rollo, second wife and widow of Charles A. Rollo, and the executors of Charles A. Rollo, deny petitioner's title and right of possession to said land.

The answer denies that petitioner is the child and heir by adoption of Ella K. Rollo, and avers that, while the legal title to the land was in Ella K. Rollo, she held it as trustee for her husband, to whom the collateral heirs of Ella K. Rollo, recognizing his rights, conveyed the title; denies that Ella K. Rollo ever had any possession save that had by her husband; denies that petitioner ever was in possession of any part of the premises except a part devised to her by Charles A. Rollo, or had any right of possession of any other part; and alleges that the respondents have had exclusive possession of that part ever since Charles A. Rollo's death.

It appears from the testimony that there were several dwelling houses and a greenhouse on the lot of ground in question. During the lifetime of Charles A. Rollo, he had control of the property and collected the rents, though he did not live on the land. The petitioner with her husband lived in one apartment of a three-apartment house on the land during the lifetime of Charles A. Rollo and has continued to live there since his death. Neither of the respondents live or have lived on the land. The petitioner testified that on June 28, 1916, shortly after Rollo's death, she notified the tenants in the other houses to pay rent to her. Since Mr. Rollo's death, the other tenants of the apartment house have paid rent to the petitioner, but, notwithstanding the notices given by her, the tenants on the other part of the land have paid rent to Mrs. Rollo, the widow, and one of the respondents. When this proceeding was instituted, about six weeks after Mr. Rollo's death, there had been no change in the tenants and no effort by any one to oust any of them. It appears that the water for all the houses on the tract was procured from wells thereon, and that, since Mr.

Rollo's death, the petitioner has paid rent for water for the apartment house which is supplied from tanks on other property, although the wells are on the lot in question.

At the hearing respondents put in evidence, against the objection of the petitioner, the will of Charles A. Rollo. It devises to the petitioner the three-apartment house with a lot extending five feet on each side of the house and one hundred and fifty feet deep, being a part of the lot in controversy. The residuary estate is devised to the widow, Margaret Rollo, with a devise over in case of her death before that of the testator. The lot was not divided during the lifetime of Mr. Rollo.

The Common Pleas discharged the rule to show cause why an issue should not be framed, and dismissed the petition on the ground "that the petitioner has not such possession of the lands described in the petition, concerning which there is any dispute between her and the respondents, as the statute contemplates as requisite in order to give the court jurisdiction under the Act of 1893." The court below was of opinion that the petitioner was in possession only of that part of the premises known as the three-apartment house lot, as to which respondents do not deny her title under the will of Mr. Rollo, and that as to the residue of the lot in question her remedy was by a suit in ejectment. The petitioner has appealed, assigning for error (a) the entire opinion and judgment of the court, and (b) the admission in evidence of the will of Charles A. Rollo.

The contention of the appellant is that she has possession of the entire lot including the part claimed by Mrs. Rollo; that she lives on it and the tenants in the other houses are her tenants by virtue of the title set forth in the petition; that respondents' claim is to a constructive possession based on the theory that Mr. Rollo owned the land and devised it to them, which gave them possession; that such claim can be sustained only by going into the question of respondents' title, which is not permissible

in this proceeding; that it was, therefore, error to admit the will in evidence, and the fact that the tenants wrongfully paid rent to Mrs. Rollo cannot give her possession or destroy the possession of the appellant.

The position of the appellees is that the will divided the lot, that appellant took possession only of the part devised to her and does not reside on the part of the lot which the appellees claim, that Mrs. Rollo has had possession of that part of the lot since her husband's death, and that inquiry into appellant's title cannot be made in this proceeding. The appellees concede that appellant is living on the part of the lot occupied by the apartment house to which they do not dispute her title, and claim that, as to the residue of the lot, her remedy, if any, is by an action of trespass or ejectment.

Section 2 of the Act of 1893, under which the proceeding was instituted, provides as follows: "When any person or persons, natural or artificial, shall be in possession of any lands or tenements in this Commonwealth, claiming to hold or own possession of the same by any right or title whatsoever, which right or title or right of possession shall be disputed or denied by any person or persons as aforesaid, it shall be lawful for any such person to apply by bill or petition to the Court of Common Pleas of the county where such land is situate, setting forth the facts of such claim of title and the right of possession and the denial thereof by the person or persons therein named, and thereupon the said court shall grant a rule upon such person or persons, so denying such right, title or right of possession, to appear at a time to be therein named and show cause why an issue shall not be framed in said court, between the parties, to settle and determine their respective rights and title in and to said lands."

This is not a proceeding recognized by the common law, but is authorized solely by legislative enactment. Prior to the legislation conferring jurisdiction at law, a suitor was required to seek relief by a bill quia timet

filed on the equity side of the court and thereby invoke
the aid of a chancellor to remove a cloud resting upon
his title to the land. A party may now avail himself of
either the legal or equitable remedy: Hutchinson v. Dennis, 217 Pa. 290. The present proceeding being statutory, it follows that the provisions of the statute must be
complied with before the rule is granted or an issue is
awarded. The jurisdictional facts, required by the act,
must be averred in the petition and relief will then be
granted if "it shall appear to the court that the facts set
forth in the petition are true."

A party may invoke the aid of the Act of 1893 if he is
"in possession of any lands or tenements in this Commonwealth, claiming to hold or own possession of the
same by any right or title whatsoever which right or title
or right of possession shall be disputed or denied by any
person or persons." These facts are jurisdictional and
must be averred in the petition and established to the
satisfaction of the court before a party is entitled to an
issue to determine the right or title of the parties to
the land in dispute. This has been determined in many
cases, among which may be noted Titus v. Bindley, 210
Pa. 121; Fearl v. Johnstown, 216 Pa. 205; Heppenstall
v. Leng, 217 Pa. 491; Putt v. Africa, 232 Pa. 182; Earhart v. Marshall, 233 Pa. 365; McCormick v. Berkey,
238 Pa. 264, and Mildren v. Nye, 240 Pa. 72.

The jurisdictional fact at issue in the present case is
whether the petitioner, the appellant here, is, within the
meaning of the statute, in possession of the lot in controversy. The court was of opinion that the petitioner
did not have "such possession......as the statute contemplates," and discharged the rule for the issue. With
this conclusion we do not agree. We have stated substantially the pleadings and the contention of the parties. The learned court was in error, we think, in admitting in evidence the will of Charles A. Rollo. As
has been pointed out, the single issue for determination
in the proceeding was the possession and not the title or

ownership of the land in controversy. Whether Mrs. Bell, the petitioner, or Mr. Rollo and since his death his devisee, Mrs. Rollo, has the title to the premises is entirely outside the issue, and evidence to establish the title of either of the parties was immaterial, and, when offered, should not have been admitted. It is true, both the petition and answer claim title in the respective parties, which is required by the statute, but proof of title in either is not required nor permissible in determining the issue in this proceeding. So far, therefore, as the learned court admitted such proof by either party, it was error, and the proof cannot be considered in determining the petitioner's right to the issue.

The petitioner averred that she was in possession and owner in fee of the entire lot of ground, and set forth how she acquired title. The answer averred that Charles A. Rollo owned in fee and had possession of the whole lot at the time of his death, that he devised the lot to his widow, except the part occupied by the three-apartment house "of which said part, the said Mazie E. Bell has had sole and exclusive possession since the death of said Charles A. Rollo." It is therefore admitted by the appellees that appellant has had actual possession of a part of the lot in question since May 20, 1916, when Charles A. Rollo died. The petition avers, what is not and could not well be denied in the answer, that, as the act provides, the appellant has claimed to have not only the possession but the title to the whole lot. It is wholly immaterial whether she claimed title or right of possession as the adopted daughter of Ella K. Rollo who had the legal title when she died intestate, or from any other source. The jurisdictional fact required to be averred is that petitioner is "claiming to hold or own possession of the same by any right or title whatsoever," which is disputed. The validity of the title is not involved in the issue. What, therefore, is the effect of the admission in the appellees' answer that the legal title to the entire lot was in Ella K. Rollo when she died in 1906 and that appellant

is and has been since Charles A. Rollo's death in actual possession of a part of the lot to which she claims title and right of possession to the whole premises? The evidence shows that no division of the lot was made in the lifetime of Mr. Rollo. It was held and used by him as one property, and continues to be such unless it was divided by Mr. Rollo's will, upon which the appellees rely to make the division. But obviously this cannot be the effect of the will if Rollo was simply tenant by the curtesy, as his title died with him, and he could not devise the premises or any part of them. Whether he had the equitable title to the premises, as contended by the appellees, and, therefore, could devise the lot involves the question of title, which, as already shown, cannot be inquired into or determined in this proceeding. The position of the parties, so far as affects the right of the appellant to the issue, is precisely the same as if Rollo had devised the whole instead of only a part of the lot to his widow, and appellant is, and was prior to Rollo's death, as now conceded, in actual possession of a part and claiming the whole property. In other words, Rollo's will cannot affect the right to the issue in either instance and must be eliminated from the case.

If, as we hold, the will has no place in the case and the property remains undivided, the actual possession of a part of the premises, claiming the whole, draws with it, under the pleadings and the circumstances disclosed by the competent evidence, within the purview of the Act of 1893, the possession of the entire tract and justifies the granting of the issue. The statute does not prescribe the kind or character of possession that petitioner must have to confer jurisdiction on the court to award an issue, but provides simply that he must be in possession of the premises, with disputed claim of title. It is contended, however, that Mrs. Rollo is in possession of the part of the lot claimed by her, and that since her husband's death the tenants under Rollo attorned to her and have since accounted to her for the rents. It is admitted that she does

not reside on the premises in dispute. The conduct of the tenants cannot avail Mrs. Rollo or the other respondents. The only possession they can have is such as would follow and be incident to the ownership of the land in dispute acquired by Rollo's will, but, as observed above, the title to the premises cannot be inquired into in this proceeding for any purpose, and the will was not admissible to show title in Mrs. Rollo for any purpose germane to the issue before the court. The court was apparently of this opinion, but admitted the will because the petitioner had offered "some evidence of her title or the basis of it." The petitioner may show how she claims title or the right of possession, but, as indicated above, evidence on her part to establish her title was not admissible for that purpose, and, if offered, should have been excluded. That it was erroneously admitted was no justification for permitting the respondents to show their title.

The payment of rent to Mrs. Rollo by some of the tenants was not admissible to show actual adverse possession in her as she must first establish that the rent was properly payable to her as owner of the part of the lot claimed by her: Rankin v. Tenbrook, 5 Watts 386; Sheaffer v. Eakman, 56 Pa. 144; and this could only be done by showing that she had title to the premises. This she could not be permitted to do.

The order of the court below dismissing the petition for an issue is reversed, and the court is directed to grant the prayer of the petition and award an issue as therein prayed for.