## Thomas v. Venneri

*Robert F. Burkardt*, for plaintiffs.

*Ernest V. Vesely*, for individual defendants.

*Robert Van der Voort*, township solicitor, for Moon Township.

LEWIS, J., September 24, 1958.—This matter comes before the court en banc as a result of preliminary objections filed by plaintiffs in their action to quiet title. Plaintiffs' complaint in said action was filed to compel defendants or any of them to bring an action in ejectment against plaintiffs for the land in question. Defendants filed an answer in reply thereto and in their new matter asserted a counterclaim. In accordance with Pa. R. C. P. 1017(*b*)(2), plaintiffs then filed these preliminary objections in the nature of a motion to strike off a pleading because of its alleged lack of conformity to the Rules of Civil Procedure.

The court is thus faced with a very narrow single issue. May a counterclaim be pleaded in an action to quiet title brought pursuant to rule 1061(*b*)(1) of the Pennsylvania Rules of Civil Procedure?

Plaintiffs have brought their action to quiet title under rule 1061(*b*)(1) which provides: "The action may be brought (1) to compel an adverse party to commence an action of ejectment." Defendants, by way of a counterclaim, seek to deny plaintiffs title and establish the same in themselves. Their prayer for relief requests the court to: (1) Bar plaintiffs from

asserting any right of ownership or possession in and to the land in question; (2) enjoin, restrain and bar plaintiffs from interfering with the travel and use of a portion of the land in question; (3) enjoin, restrain and forever bar plaintiffs from maintaining any part of their house, outbuildings or other structures on the land in question; (4) assess the costs of this suit to plaintiffs and to grant such other proper relief as the court may deem necessary for determining the rights of the parties.

Plaintiffs have filed preliminary objections to defendants' counterclaim asserting in their brief that although a literal reading of the rules governing the action to quiet title set forth that the procedure shall conform to the rules governing an action in assumpsit (rule 1061), the assumpsit counterclaim rule (rule 1031) should not be applicable in an action to quiet title. Such an application, they contend, would produce an absurd result which is to be avoided: Rule 128(a).

Defendants in their brief maintain that, on the contrary, the counterclaim should be allowed for the reason that they have just as much or more of a claim to the land in dispute as do plaintiffs, that one hearing of the evidence is sufficient for a determination as to the ownership of this land and the rights to possession of it and that the Rules of Civil Procedure specifically and expressly provide for the counterclaim. They add that justice will best be served by hearing the whole case in one proceeding.

The reason for defendants' counterclaim, in our opinion, stems from a basic misconseption of the Rule of Civil Procedure applicable to this action.

"In an action to quiet title by compelling the defendant to bring an action of ejectment, the court will not determine the title to the land in the action to quiet title. That is to be determined in the ejectment action when it is thereafter brought": 3 Anderson Pa. Civ.

Pract. 30 (Supplement), citing Haughton v. Taggert, 49 Schuyl. 84 (1953).

In the Haughton case, the court stated that rules 1061(*b*)(1) and 1066(*b*)(1) retain the same two-step procedure as prevailed under the Act of 1899, as amended, and the decisions thereunder are authoritative guides to the scope of inquiry permissible under the above mentioned rules.

If title to the land in question were to be decided in the action to quiet title, defendants' objection would indeed be a valid one for if plaintiffs were successful, the selfsame controversy would again be litigated in the ejectment action which defendant would be compelled to bring except that defendant in the action to quiet title would then have to maintain the burden of proof. To allow defendants' counterclaim, it is true, would settle the controversy in one proceeding but would subvert the intent of the rules which contemplate a two-step procedure. The Supreme Court, in framing rule 1061(*b*)(1), no doubt intended to burden the party out of actual possession of the premises with proof of his right to occupy the same in an action of ejectment, obviously realizing that more than one proceeding might result.

The Act of 1899 has been so interpreted by decisions of the Supreme Court prior to the adoption of the Rules of Civil Procedure. In Bell's Petition, 259 Pa. 495, 501-502, the court stated:

"As has been pointed out, the single issue for determination in the proceeding was the possession and not the title or ownership of the land in controversy. Whether Mrs. Bell, the petitioner, or . . . Mrs. Rollo, has the title to the premises is entirely outside the issue, and evidence to establish the title of either of the parties was immaterial and, when offered, should not have been admitted."

And again, in Clark v. Clark, 255 Pa. 574, 577:

"On this preliminary rule, the inquiry is not to determine who has title to the land in controversy, but whether there is a dispute as to the title between a petitioner in actual possession, and a respondent out of possession, who claims or has 'an apparent interest in or title to the real estate.'"

Defendants in their brief cite the case of Myczka v. Myczka, 102 Pitts, L. J. 145, for the proposition that a counterclaim in a bill to quiet title is proper and appropriate where the counterclaim arises from the same series of transactions or circumstances. The complaint in that case was filed, however, pursuant to the provisions of rule 1061($b$) (2), (3), neither of which entail a two-step procedure nor an action of ejectment.

Defendants are of the opinion that unless they can "counterclaim and show the true nature of the disputes as to the title of the land involved, and as to the scrambled situation concerning the possession of the property, additional and unnecessary litigation will continue." The situation concerning the possession of the property may be shown by them in the action to quiet title, but the title dispute, if any, must be settled by an ejectment action made necessary by rule 1061($b$) (1).

It is our opinion, therefore, that a counterclaim is not proper in an action to quiet title under rule 1061 ($b$) (1), and the Supreme Court did not intend that the counterclaim rule in assumpsit actions be applicable thereto: Rule 128($a$).

*Order*

And now, to wit, September 24, 1958, it is hereby ordered that defendants' counterclaim be striken from the record.

Eo die, exception noted to defendants and bill sealed.